The People of the State of Illinois on the Relation of Fred Stone, Plaintiff-Appellant, v. Charles Wilson, et al., Defendants-Appellees.

Gen. No. 68–187.

Second District.

June 16, 1969.

John A. Strom, of Belvidere, for appellant.

McConnell, Kennedy, McConnell & Harris, of Peoria, and Nordquist and Anderson, of Rockford, for appellees.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Fred Stone appeals from the denial of his petition for Writ of Mandamus directed against the defendants as members of the board of trustees of the police pension fund of the City of Belvidere. He was denied certification for reinstatement to the police department of that city.

Stone had been a Belvidere policeman from 1934, until he left the force as its Chief on January 16, 1954. During his service he sustained an injury which became the basis for his request for a disability pension which was granted.

In 1967 relator notified the Board that his disability had ceased and he wished to be reinstated and returned to active duty and, as a consequence, was examined by a medical doctor. On March 9, 1967 the Board held a hearing and denied the request. The mandamus suit was filed in September of 1967.

Stone has argued that the Board had no discretion to refuse reinstatement upon a medical examination showing recovery from the disability, and that the court below ruled contrary to the manifest weight of the evi-

dence. Defendants suggest that judicial review has been barred by failure to seek review in the time and in the manner provided by the Administrative Review Act (Ill Rev Stats 1967, c 110, §§ 265, 267), but that, in any event, the record supports the action of the trial court.

Defendants emphasize the failure to take action within the thirty-five days from the date of service of the decision sought to be reviewed. Relator points out that this objection was not raised in the trial court and must be considered as waived. To the extent that this argument constitutes a challenge to the court's jurisdiction over the *person* of the defendants we agree that it has been waived. See Motorola, Inc. v. Illinois Fair Employment Practices Commission, 34 Ill2d 266, 272–3, 215 NE 2d 286 (1966); Leffler v. Browning, 14 Ill2d 225, 228, 151 NE2d 342 (1958).

But the more fundamental issue raised by the record is whether the court had jurisdiction of the *subject matter* of the mandamus action. If it did not, the jurisdictional issue cannot be waived and is fatal to the judgment when raised at any time. Sweitzer v. Industrial Commission, 394 Ill 141, 68 NE2d 290 (1946); In re Petition To Annex Certain Territory to Village of Willowbrook, 37 Ill App2d 393, 402, 185 NE2d 696 (1962); Meyer v. Meyer, 328 Ill App 408, 418–419, 66 NE2d 457 (1946).

██ A court may and should of its own motion dismiss the proceedings where want of jurisdiction appears. Village of Glencoe v. Industrial Commission, 354 Ill 190, 188 NE 329 (1933); United States v. Storer Broadcasting Co., 351 US 192 (1956).

The statute, under which the initial proceedings were had before the Pension Board, provided expressly, that the *"provisions of the Administrative Review Act . . . shall apply to and govern all proceedings for the judicial review of final administrative decisions of the retirement board . . . ."*

103

The Administrative Review Act (Ill Rev Stats 1967, c 110, § 265) includes the review of acts of administrative agencies which adopt its provisions, and expressly states that,

"In all such cases, any other statutory, equitable or common law mode of review . . . shall not be employed . . . ."

Numerous cases have held that mandamus is a common law mode of review, and that the Administrative Review Act (supra) was designed to provide a single, uniform method by which administrative decisions of a state governmental agency could be reviewed. See Moline Tool Co. v. Department of Revenue, 410 Ill 35, 37, 101 NE2d 71 (1952); Pearce Hospital v. Public Aid Commission, 15 Ill2d 301, 307, 154 NE2d 691 (1958); People ex rel. Chicago & N. W. Ry. Co. v. Hulman, 31 Ill2d 166, 169, 201 NE2d 103 (1964); The People ex rel. Carpentier v. Goers, 20 Ill2d 272, 277, 170 NE2d 159 (1960); People ex rel. Goldfarb v. White, 54 Ill App2d 483, 203 NE2d 599 (1964).

■ It is our opinion that the court below, although one of general jurisdiction, was required to act under the statute conferring special jurisdiction in Administrative Review cases, with jurisdiction of the subject matter limited by the language of the statute. Section 9 of the Judicial Article (Art VI, § 9) provides that *"The Circuit Court shall have unlimited original jurisdiction of all justiciable matters and such powers of review of administrative action as may be provided by law."* We believe this section recognizes the continued existence of substantive rules which have denied original jurisdiction courts the power to hear a particular and limited subject matter, when a method of judicial review is offered which is constitutionally permissible and remedially adequate.

■ Where an applicable statute prescribes a specific and exclusive form of review, all other forms are

104

excluded; and if a court, after acquiring jurisdiction of a subject matter, transcends the limits of the conferred jurisdiction, its judgment becomes void. Sweitzer v. Industrial Commission (supra) 147-8; City of Freeport v. Kaiser, 311 Ill App 197, 203, 35 NE2d 722 (1941); Freeport Motor Cas. Co. v. Madden, 354 Ill 486, 489, 188 NE 415 (1934).

Hearing what was essentially an intended review of the acts of an administrative agency by mandamus would be tantamount to allowing the parties to confer jurisdiction on the court where it does not exist, with the result that the entire question of court review of final decisions of administrative bodies would be virtually the same as if the act had never been passed.

The Illinois Administrative Review Act had two principal objectives of equal stature,

> "(T)he first, the elimination of conflicting and inadequate common law and statutory remedies for the judicial review of decisions of administrative agencies and the substitution therefor of a single, uniform, and comprehensive remedy; the second, the making available to persons aggrieved by administrative decisions a judicial review consonant with due process standards without unduly restricting the exercise of administrative judgment and discretion essential to the effective working of the administrative process." People ex rel. Fike v. Slaughter, 31 Ill App2d 175, 178 (1961).

As to the first objective the chairman of the legislative commission responsible for the act wrote;

> "that the remedies heretofore available to persons affected by administrative decisions were as varied in form and scope as the number of regulatory statutes themselves . . . . Mandamus and injunction, though historically and traditionally not review remedies, were perverted to such purpose largely because of

105

the apparent inadequacies of the other forms of review and a judicial disinclination to deprive the aggrieved complainant of his right to contest alleged abuse of administrative discretion." (The Illinois Administrative Review Act, 28 Chicago Bar Record 7 (1946) ; see Comments Ill Law Rev 636 (1947).)

The legislature meant to provide a simple mode of review and eliminate the inequities and confusion of the traditional common law actions. If the legislature had meant to allow other modes of review it would not have explicitly prohibited other forms of review in section 2 of the Act.

While a number of cases have refused to rule on the jurisdictional question on the ground it was not raised in the trial court (see e. g. People ex rel. Jones v. Civil Service Commission, 17 Ill App2d 36, 43, 149 NE2d 487 (1958) ; People ex rel. Jacques v. Sheehan, 33 Ill App2d 14, 178 NE2d 193 (1961) ; People ex rel. Walker v. O'Connor, 351 Ill App 545, 549, 115 NE2d 808 (1953)), we cannot reconcile these holdings with our view that objections to jurisdiction over the subject matter may be made at any time. See Sweitzer v. Industrial Commission, supra, at p 147.

This opinion is limited to the consideration of situations where a party is seeking judicial review of the merits of an administrative decision. In that circumstance mandamus and other remedies have been prohibited. We distinguish, however, cases such as an action to contest the constitutionality of the Administrative Review Act itself, or an action to prevent irreparable injury where it is alleged the Act does not provide an adequate remedy.

■ The relator has not, and cannot, urge that the judicial review provided under the Administrative Review Act is not adequate to preserve the questions which he raises. He does not seek to attack the constitutionality of the Administrative Review Act. That Act,

106

therefore, provided the exclusive remedy for judicial review and the court was without power to act on the subject matter of a mandamus action and to take evidence beyond the record to be reviewed under the provision of the Administrative Review Act. The judgment below is of no effect.

We do not reach, therefore, the evidentiary issues raised on the merits, but dismiss plaintiff's petition for a Writ of Mandamus, here.

Petition for writ of mandamus below, dismissed.

MORAN, P. J. and DAVIS, J., concur.