The People of the State of Illinois on the Relation of Fred Stone, Plaintiff-Appellant, v. Francis Whalen, Donald Loucks, Ray B. Burger, Edith Wilson, and Walter E. Dwyer, Trustees of the City of Belvidere, Illinois, Police Pension Fund, Defendants-Appellees.

Gen. No. 70–12.

Second District.

October 22, 1970.

John A. Strom, of Belvidere, for appellant.

462

Nordquist and Anderson, of Rockford, for appellees.

JUSTICE THOMAS J. MORAN delivered the opinion of the court.

Plaintiff appeals from an order dismissing his petition for a writ of mandamus.

This is the second appeal which the plaintiff has perfected concerning his right to be reinstated to active duty on the Belvidere police force. The factual background may be found in People ex rel. Stone v. Wilson, 111 Ill App 2d 101, 248 NE2d 826 (1969). In that case, the defendant board, after a hearing, denied the plaintiff's request for reinstatment. The plaintiff failed to file for a judicial review of the decision within the 35 days as prescribed by the Administrative Review Act (Ill Rev Stats 1967, c 110, § 267). Instead, some six months after the denial of his request, he filed a mandamus action. Therein we held that the trial court was without jurisdiction of the subject matter and that the plaintiff's exclusive judicial remedy from the final decision of the defendant was as provided in the above referred to Act.

Following our first opinion (rendered June 16, 1969), a second petition for mandamus was filed on October 14, 1969. This petition, after referring to our disposition of the prior action, stated in part:

". . . 7. Subsequent thereto and on July 31, 1969, relator did again file a request for reinstatement and return to active duty with the Board of Trustees of the Police Pension Fund, copy of which is hereto attached marked 'Exhibit A.' (The record discloses no such exhibit attached.)

"8. Relator has heard nothing further from said Board of Trustees and has been informed that his request has been 'tabled' and that no hearing will be held on his request."

463

The petition prayed that the court issue its writ of mandamus commanding the defendant board to hold a hearing on the plaintiff's application for reinstatement.

A motion to dismiss the action was allowed on the basis that our former decision was res judicata, that the Administrative Review Act was the proper method of review and that the petition for mandamus would not lie.

The plaintiff contends that the trial court erred in holding that our former decision operated as res judicata. Where a former adjudication is relied upon as an absolute bar, there must be, as between the two actions, the same parties, the same subject matter and the same cause of action (Hoffman v. Hoffman, 330 Ill 413, 417, 161 NE 723 (1928)) and where the former action is dismissed for lack of jurisdiction (our former appeal), it will not bar a subsequent action. Weiland Tool & Mfg. Co. v. Whitney, 44 Ill2d 105, 113, 251 NE2d 242 (1969); City of Geneseo v. Illinois Northern Utilities Co., 378 Ill 506, 513–514, 39 NE2d 26 (1941). Where res judicata is claimed, the burden of proof is on the party relying upon it. Kedzierski v. Kedzierski, 86 Ill App2d 264, 267–268, 229 NE2d 919 (1967). However, for what seems to be a contrary application of this doctrine as applied to administrative agencies, see, Carpentier v. Goers, 23 Ill2d 246, 249, 177 NE2d 858 (1961); Mississippi River Fuel Corp. v. Illinois Commerce Commission, 1 Ill2d 509, 513, 116 NE2d 394 (1953); Citizens Savings & Loan Ass'n v. Knight, 74 Ill App2d 234, 240–243, 219 NE2d 355 (1966); Daley v. License Appeal Commission, 55 Ill App2d 474, 477–478, 205 NE2d 269 (1965).

 Res judicata does not apply to the present case for two reasons. First, this Court dismissed the original mandamus action because the trial court was without jurisdiction of the subject matter. Second, the former mandamus action sought to upset the decision of the defendant board as being contrary to the manifest weight

464

of the evidence. This, our opinion indicated, amounted to an attempt to improperly review, judicially, an administrative decision which should properly come under the Administrative Review Act. The subject matter of the instant petition does not seek review of the decision of the defendant board, but instead seeks to have the trial court, by its order, command the defendant board to hold a hearing on plaintiff's second application for reinstatement.

The defendant argues that to allow the writ to issue in this case would be tantamount to requiring the defendant to conduct a rehearing on its original decision so as to alter or modify that decision and the defendant has no authority to do so under either the statute or case law. See, Pearce Hospital Foundation v. Illinois Public Aid Commission, 15 Ill2d 301, 307, 154 NE2d 691 (1958); Klaren v. Board of Fire and Police Com'rs, 99 Ill App2d 356, 240 NE2d 535 (1968).

This argument is based upon the assumption that the plaintiff's second request for reinstatement is nothing more than a petition for rehearing. The plaintiff counters by claiming that the second application is simply a request for reinstatement to active duty, that paragraphs 3–114, 3–115 and 3–116 of the Illinois Pension Code (Ill Rev Stats 1967, c 108½, §§ 3–114, 3–115 and 3–116) make it mandatory, not directory, upon the defendant to hold a hearing and determine whether or not the plaintiff's disability has ceased.

Whether the second request is to be considered a petition for rehearing or a new application for reinstatement, we do not and cannot determine. The request, Exhibit A, was not attached to the petition as alleged (nor is it found in the record) and there is no evidence supporting the defendant's assumption.

For the reasons stated, the trial court erred in entering its judgment on the basis of res judicata and we must

therefore reverse and remand this cause for further proceedings.

Reversed and remanded.

DAVIS, P. J. and ABRAHAMSON, J., concur.