FRED E. STONE, Plaintiff-Appellee, *v.* THE BOARD OF TRUSTEES OF THE POLICE PENSION FUND OF THE CITY OF BELVIDERE *et al.*, Defendants-Appellants.

(No. 72-185;

Second District—August 7, 1973.

Pedderson, Menzimer, Conde, Stoner, Ferolie & Spelman, of Rockford, for appellants.

John A. Strom, of Belvidere, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

This is the third appeal from the circuit court of Boone County concerning plaintiff's right to be reinstated to active duty on the Belvidere police force. The Police Pension Board, upon hearing, refused to reinstate plaintiff to active duty. The trial court held that the decision of defendant Board was against the manifest weight of the evidence. The Board appeals.

The background facts are adequately stated in *People ex rel. Stone v. Wilson* (1969), 111 Ill.App.2d 101, 102, 248 N.E.2d 826, and in *People ex rel. Stone v. Whalen* (1970), 129 Ill.App.2d 462, 463-4, 263 N.E.2d 365. In the latter appeal we held among other things that sections 3—

114, 3—115, and 3—116 of the Illinois Pension Code (Ill. Rev. Stat. 1967, ch. 108½, par. 3—114, 3—115, 3—116) make it mandatory, not directory, upon the defendant Board to hold a hearing and to determine whether or not plaintiff's disability had ceased. We reversed and remanded the cause for further proceedings.

Pursuant to the mandate of this court following that opinion and an order accordingly by the trial court, the defendant Board held a hearing at which evidence was received. Plaintiff testified and so did his personal physician, Dr. Wesley B. Oliver, who had been treating plaintiff for over 25 years. The defendant Board also received in evidence, statements from Dr. Paul E. Dee and Dr. Eugene T. Leonard, both of whom are orthopedic surgeons. All three doctors had examined plaintiff.

Dr. Oliver testified that he saw "no reason for any restriction of activity" after noting "a streak of calcium on both sides of the tendon line" in both of plaintiff's shoulders, which is "entirely asymptomatic" (*i.e.*, without symptoms). Dr. Dee stated "I see no reason why this patient cannot carry out any activities that he desires to with the shoulders. I feel that he has no pathology at either shoulder at the present time." Dr. Leonard's report made no statement as to plaintiff's physical capability of performing the duties of a police officer but noted calcification in plaintiff's right shoulder and changes of restriction of full motion in his right elbow.

Plaintiff testified that since 1966 or early in 1967 he has been employed full time as security officer for Ingersoll Milling Machine Company and, if reinstated as a police officer, is capable of handling any type of situation; that he has no physical disability or ailment and that since about March 15, 1967, has been ready to return to active duty as a police officer.

The defendant Board voted two to two (with the Plaintiff, a member of the Board, not voting) on the motion to return plaintiff to active duty, and denied plaintiff's request. Upon review under the Administrative Review Act (Ill. Rev. Stat. 1967, ch. 110, par. 264, *et seq.*) the court ruled that defendant Board's decision was against the manifest weight of the evidence and ordered the Board to certify that defendant was no longer disabled and was able to resume the duties of his position. This appeal followed.

■■■ The finding and conclusions of the Board on questions of fact are prima facie true and correct. (Ill. Rev. Stat. 1967, ch. 110, par. 274.) However, on review it is the court's duty to ascertain if the finding and decision of the administrative agency is against the manifest weight of the evidence. (*Peterson v. Board of Trustees* (1973), 54 Ill.2d 260, 296 N.E.2d 721.) If the administrative order is against the manifest weight

of the evidence it is the court's duty to set the order aside. *Dorfman v. Gerber* (1963), 29 Ill.2d 191, 196, 193 N.E.2d 770; *Oakdale Community School District v. Trustees* (1957), 12 Ill.2d 190, 195, 145 N.E.2d 736.

■■ The plaintiff proved by competent medical testimony of two doctors, one of them an orthopedic surgeon, that he had the physical capability of returning to active duty as a police officer even though there was calcification in both shoulders. Dr. Oliver, his personal physician, testified that plaintiff had no limitation of motion in the right shoulder or right elbow (where his injury occurred which resulted in plaintiff's disability leave of absence). The Administrative Review Act does not require judicial recognition of an order which is against the manifest weight of the evidence. *Drezner v. Civil Service Com.* (1947), 398 Ill. 219, 231, 75 N.E.2d 303.

The findings and decision of the Police Pension Board were against the manifest weight of the evidence and the trial court was justified in so holding and reversing the Board's decision. The judgment of the trial court is affirmed.

Affirmed.

SEIDENFELD and T. MORAN, JJ., concur.