THE CITY OF JOLIET, Plaintiff-Appellant, *v.* JOLIET REGION CHAMBER OF COMMERCE *et al.,* Defendants-Appellees.

(No. 73-289;

Third District—March 22, 1974.

*Rehearing denied April 23, 1974.*

James M. P. D'Amico, of Joliet, for appellant.

Thomas, Wallace, Feehan & Baron, and Richard Kennedy, both of Joliet, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Will County, Illinois, dismissing a petition for condemnation. The City of Joliet had filed a petition to condemn land for a parking facility pursuant to section 11—71—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, sec. 11—71—1). Two of the defendants filed a motion to dismiss, claiming that the petition was based on a parking study which was obsolete and so the taking was not necessary. The trial court heard argument on the motion, received briefs, and then dismissed the petition, and this appeal by the City followed.

The trial court in its order stated: "There has been no testimony or documentary evidence offered by either side. Thus the court has before

it only the petition, the motion to dismiss and the briefs." The court in its order then pointed out that the petitioner had not in any way alleged the necessity of the taking. The order also mentioned other imperfections which the trial court perceived in the City's petition, but we need not pass upon them in this appeal.

■■■ We have examined the City's petition and agree with the trial court that the petition is fatally defective by reasons of its failure to allege that the taking was necessary. (*City of Waukegan v. Stanczak*, 6 Ill.2d 594, 598; Limerick, "Procedure under the Illinois Eminent Domain Act," 1966 U. Ill. L.F. 1, 8.) We must, therefore, affirm the trial court's dismissal of the petition, even though the motion to dismiss did not point out the defect. (*Village of Glencoe v. Industrial Com.*, 354 Ill. 190, 196; *Weber v. Northern Illinois Gas Co.*, 10 Ill.App.3d 625, 629; *People ex rel. Stone v. Wilson*, 111 Ill.App.2d 101, 103.) However, under the power given us by Supreme Court Rule 366 (Ill. Rev. Stat. 1973, ch. 110A, sec. 366), we specify that the City is given leave to plead over or to amend, as the trial court might have provided under section 45 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, sec. 45). Amendments under section 5 of the Eminent Domain Act (Ill. Rev. Stat. 1973, ch. 47, sec. 5) may add jurisdictional allegations. *County Board of School Trustees v. Boram*, 26 Ill.2d 167, 170-71; Limerick, *supra*, at 8.

Accordingly the order of the Circuit Court of Will County is affirmed, but is modified so as to grant leave to the plaintiff to plead over or amend, and the case is remanded to allow further pleading, and procedure in the Circuit Court.

Affirmed, modified, and remanded.

SCOTT, P. J., and ALLOY, J., concur.