DELBERT M. PATZNER, Petitioner-Appellee, v. GREGORY W. BAISE, Secretary of Transportation, Respondent-Appellants.

Second District No. 2—85—0753

Opinion filed June 4, 1986.

Neil F. Hartigan, Attorney General, of Springfield (Roy E. Frazier, Assistant Attorney General, of Springfield, and James E. Dixon, Assistant Attorney General, of Dixon, of counsel), for appellants.

William P. Fearer II, of Fearer & Nye, of Oregon, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308), the question presented by this appeal is whether the petitioner in this cause is barred and estopped from raising the issues set forth in his petition by reason of an adjudication of the issues in a prior action between the parties.

A brief review of the facts is necessary to an understanding of the issue presented by this appeal. On September 19, 1983, the petitioner, Delbert M. Patzner, filed a petition for writ of *mandamus* against John D. Kramer, Secretary of the Department of Transportation of the State of Illinois at that time. The petition also named the Department of Transportation as a defendant. Petitioner requested that eminent domain proceedings be instituted, and that just compensation be paid to him for certain land that he owned in Rochelle. After a hearing, the trial judge granted respondents' motion to dismiss, ruling that petitioner's remedy was with the Court of Claims, not the circuit court. Thereafter, petitioner filed another petition, which was essentially the same as the first petition, with two exceptions. The petition named Gregory W. Baise rather than John D. Kramer as a defendant since Baise succeeded Kramer as Secretary of the Department of Transportation, and petitioner set forth details of the damage he alleged had occurred. Respondents' motion to dismiss on the basis of *res judicata* was denied, and the trial court ordered that petitioner was entitled to a jury trial. On September 9, 1985, the trial court agreed to allow respondents to apply to this court for a review pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308), and this court granted that application.

■ The doctrine of *res judicata* provides that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to the subsequent action involving the same claim. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 251.) Respondents argue that since petitioner's second petition contains the same allegations and requests the same relief as did the first petition, and since the trial court already ruled that the remedy requested was not available to petitioner, the claim presented by the second petition is barred by *res judicata* principles. In support, they cite the case of *Lake Ka-Ho, Inc. v. Kramer* (1985), 131 Ill. App. 3d 782. In that case, the appellate court held that petitioner's *mandamus* action was barred by *res judicata* since petitioner had formerly sought recovery for the same damage, and the circuit court had ruled that petitioner was not entitled to the institution of eminent domain proceedings. (131 Ill. App. 3d 782, 785.) Unlike that case, here the circuit court did not rule adversely to petitioner on the merits of his first petition. In fact, the trial court indicated that petitioner was entitled to relief, but dismissed the action because it ruled that the circuit court was without jurisdiction to decide the matter.

■ Involuntary dismissals are deemed adjudications on the merits unless one of two sets of exceptions applies. The first exception requires that the order or statute specify that the dismissal is not on the merits. The second exception encompasses three bases for dismissal which are not to constitute an adjudication on the merits. Those bases are lack of jurisdiction, improper venue, and a failure to join an indispensable party. (87 Ill. 2d R. 273.) Other involuntary dismissals operate as adjudications of the merits, and a plaintiff's failure to directly appeal the dismissal may result in a *res judicata* bar should plaintiff attempt to relitigate the dismissal by filing a new lawsuit, even if the original dismissal was erroneous. *Bronstein v. Kalcheim* (1984), 126 Ill. App. 3d 643, 647.

■ In this case it is clear that the trial court's order of dismissal was predicated upon its finding that the circuit court did not have jurisdiction over the matter. The dismissal did not operate as adjudication of the merits, and *res judicata* does not apply. (*People ex rel. Stone v. Whalen* (1970), 129 Ill. App. 2d 462, 464.) Where *res judicata* is claimed, the burden of proof is on the party relying upon it. (129 Ill. App. 2d 462, 464.) In this case, the respondents have failed to carry their burden since it is obvious that the merits of the first petition were never adjudicated. Respondents no longer contest the jurisdiction of the circuit court.

Accordingly, we affirm the trial court's denial of respondents' motion to dismiss on the basis of *res judicata*.

Affirmed.

NASH, P.J., and SCHNAKE, J., concur.