BEST COIN-OP, INC., Plaintiff-Appellant, v. OLD WILLOW FALLS CONDOMINIUM ASSOCIATION *et al.*, Defendants-Appellees.

First District (5th Division)   No. 84—1601

Opinion filed May 8, 1987.—Rehearing denied August 19, 1987.

B. G. Stone, of James B. O'Brien & Associates, Ltd., of Chicago, for appellant.

Marshall N. Dickler and Dawn M. Langer, both of Marshall N. Dickler, Ltd., of Arlington Heights, for appellee Old Willow Falls Condominium Association.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, Best Coin-Op, Inc., pursuant to an agreement, operated laundry room facilities in a 176-unit residential building. The agreement provided that any dispute arising under the agreement would be submitted to arbitration. A dispute arose, but plaintiff filed a lawsuit in which plaintiff requested an injunction against defendant Old Willow Falls Condominium Association (Old Willow Falls). Defendant Ilg Supply Company, Inc. (Ilg), which was not a party to the agreement between plaintiff and defendant Old Willow Falls, intervened in

that lawsuit. Ilg is currently operating the laundry room facilities pursuant to a lease agreement with Old Willow Falls. Old Willow Falls and Ilg each filed a motion to dismiss. On August 17, 1983, the following colloquy occurred:

"THE COURT: It is this court's opinion, because of the facts and circumstances and diversions of opinion of you lawyers as well as in my mind, the law that is applicable herein is that a temporary restraining order should not be granted in this matter. It should be referred to an arbitration board. I will continue the case until that matter has been disposed of.

MR. O'BRIEN [Counsel for plaintiff]: Is there a ruling on [the] Motion to Dismiss, your Honor? We need that ruling. Are you sustaining the Motion to Dismiss?

THE COURT: I'll sustain their motion to Dismiss."

The trial court then entered the following order:

"This cause having come on to be heard on the Motion of Plaintiffs for the entry of [a] temporary restraining order and Defendants' Motions to Dismiss the same, and the Court having heard the arguments of counsel and being thus advised in the premises,

IT IS HEREBY ORDERED:

1. That the Motion for [a] Temporary Restraining Order is denied.

2. That the matter is referred to arbitration for proceedings consistent with the agreement.

3. That this matter is continued until the conclusion of the arbitration and the matter set for status October 15."

At plaintiff's insistence, the order further provided:

"4. That plaintiff's complaint is dismissed and Plaintiff's [sic] make no request to file an amended complaint."

Plaintiff appealed from that portion of the August 17, 1983, order which denied plaintiff's request for a temporary restraining order. On September 1, 1983, during the pendency of that appeal, plaintiff filed a separate action against Ilg. Ilg filed a motion to dismiss plaintiff's complaint on the ground that by its intervention, Ilg was a party to the lawsuit and that plaintiff's complaint was barred by the doctrine of res judicata. Ilg contended that the trial court's August 17, 1983, order which dismissed plaintiff's complaint constituted a prior final judgment, i.e., adjudication on the merits, under Supreme Court Rule 273 (87 Ill. 2d R. 273).

Also during the pendency of plaintiff's appeal from the August 17, 1983, order which denied plaintiff's request for a temporary re-

straining order, plaintiff initiated arbitration proceedings with the American Arbitration Association against defendant Old Willow Falls. The American Arbitration Association denied plaintiff's request for arbitration.

Our decision in the appeal from the trial court's August 17, 1983, order was filed on December 23, 1983. (*Best Coin-Op, Inc. v. Old Willow Falls Condominium Association* (1983), 120 Ill. App. 3d 830, 458 N.E.2d 998.) We affirmed the trial court's denial of the temporary restraining order. We concluded that plaintiff had failed to establish that it was entitled to an injunction and that plaintiff had an adequate remedy at law.

On February 29, 1984, a second trial judge entered an order which denied Ilg's motion on *res judicata* grounds. According to plaintiff, this second trial judge stated during the February 29, 1984, proceedings that the August 17, 1983, order, which denied plaintiff's request for a temporary restraining order and which dismissed plaintiff's complaint, was not an adjudication on the merits.

On April 16, 1984, Old Willow Falls filed a motion in the circuit court of Cook County to permanently stay arbitration proceedings. After a hearing on that motion, on June 12, 1984, Judge Wosik, the same trial judge who entered the August 17, 1983, order which denied plaintiff's motion for a temporary restraining order and dismissed plaintiff's complaint, entered the following order:

> "This matter coming on to be heard on the Motion of Defendant Old Willow Falls Condo Assoc. to permanently stay arbitration proceedings requested by Plaintiff based upon the issues that there has been a final adjudication on the merits against Plaintiff pursuant to Rule 273 and the matter having been briefed and full[y] argued and the court being fully advised IT IS HEREBY ORDERED:
>
> 1. That the order of dismissal entered August 17, 1983 against plaintiff is a final adjudication on the merits pursuant to Supreme Court Rule 273 with regard to the issues;
>
> 2. That the arbitration hearings requested by plaintiff at the American Arbitration Association are permanently stayed, there being no basis to proceed in view of the court order."

Plaintiff appeals this order and contends that the trial court erred when it stated that the August 17, 1983, order was a final adjudication on the merits under Supreme Court Rule 273.

Our disposition of plaintiff's first appeal did not consider the trial court's August 17, 1983, order as an adjudication on the merits because that issue was not before us. The trial court's August 17,

1983, order denied plaintiff's motion for a temporary restraining order, referred the case to arbitration, and dismissed plaintiff's complaint based on the trial court's finding that the arbitration provision of the agreement prevailed.

Supreme Court Rule 273 states:

> "Unless the order of dismissal or a statute of this State otherwise specifies, *an involuntary dismissal of an action,* other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, *operates as an adjudication upon the merits.*" (Emphasis added.)

■ Under this rule, unless an order of dismissal specifies otherwise, an involuntary dismissal other than for lack of jurisdiction, improper venue, or failure to join an indispensable party is deemed an adjudication upon the merits. We see no reason why this rule should not apply to the case before us. The dismissal of plaintiff's complaint was involuntary and did not fall within any of the above-mentioned exceptions to Rule 273. The trial judge stated when the June 12, 1984, order was entered:

> "THE COURT: Now, we come back to the Order that your boss insisted on that I enter. I entered a Motion to Dismiss. You requested no time to file an amended complaint, what should have been done here. It isn't for me to practice law for you. It is for me to rule on that which you suggest to the Court. He made no motion to file an amended complaint within a period of time. The Motion to Dismiss stands nakedly before me.
>
> MR. STONE [Counsel for plaintiff]: Your Honor, may I ask you one question? What should we do when you have said that matter goes to Arbitration?
>
> THE COURT: Well, if the matter was to go to Arbitration, Mr. Stone, it would appear to me that a pragmatic mind and person would have dropped it right there and then and say that's the Rule of the Court. When he insisted that I Rule on a Motion to Dismiss, I threw *** your complaint out, period. You did nothing, and I am not saying you personally, but *** there was nothing else done. I just read from the transcript, so the Motion to Dismiss was sustained by me. Nothing was done by Mr. O'Brien [counsel for plaintiff] nor you at that time to ask for time. There is nothing on file here.
>
> * * *
>
> What I am arguing about or endeavor to rationalize with you is that if Mr. O'Brien had just let it go at that, that would

have been my Order. But Mr. O'Brien insisted on the Ruling on the Motion to Dismiss. He then wanted me to presumably overrule what had happened before. I Ruled against him, and he took no other action. \*\*\*.

MR. STONE: Your Honor, your Ruling is consistent. That order is not inconsistent. It's totally consistent if you would adopt one other interpretation, and that is—

THE COURT: That's the interpretation I am adopting right now. This is the official transcript that was taken at this Hearing. It conclusively shows what Mr. O'Brien wanted, a Ruling. He says, 'we need that Ruling.' I gave him the Ruling. I sustained his Motion to Dismiss. That ends this case as far as I am concerned."

Plaintiff insisted that the court rule on the motion to dismiss. Plaintiff received from the trial court the order it asked for in the format that plaintiff requested, which included the statement that plaintiff did not make a request to file an amended complaint. At the June 12, 1984, proceedings the trial court remembered plaintiff's insistence that the court rule on the motion to dismiss plaintiff's complaint and that plaintiff chose to stand on its complaint. The record shows that the trial court intended its order to be a final adjudication on the merits.

■ A dismissal with prejudice is an adjudication on the merits (*Van Slambrouck v. Marshall Field & Co.* (1981), 98 Ill. App. 3d 485, 487, 424 N.E.2d 679) and is deemed to be as conclusive of the rights of the parties as if the matter had proceeded to trial and had been resolved by a final judgment against the plaintiff (*Morris v. Union Oil Co.* (1981), 96 Ill. App. 3d 148, 156, 421 N.E.2d 278). Also, the doctrine of *res judicata* provides that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and, as to them, constitutes an absolute bar to a subsequent action involving the same claim. Thus, in the case before us, plaintiff's failure to directly appeal the dismissal of its complaint resulted in a *res judicata* bar should plaintiff attempt to relitigate the dismissal by filing a new lawsuit. (*Patzner v. Baise* (1986), 144 Ill. App. 3d 42, 44, 494 N.E.2d 178.) Under the unambiguous terms of Supreme Court Rule 273, the dismissal in this case constitutes a final adjudication and was an adjudication on the merits. When plaintiff failed to take any action to change the order, amend its complaint, or appeal, the involuntary dismissal of plaintiff's complaint was conclusive of the rights of the parties hereto.

For the reasons stated, the judgment of the circuit court of Cook

County is affirmed. Old Willow Falls' motion to dismiss this appeal, which was taken with the case, is denied.

Affirmed.

SULLIVAN, P.J., and LORENZ, J., concur.