(No. 23934.—

MAURICE P. O'MEARA, Trustee, Appellant, *vs.* THE CHI-
CAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD
COMPANY *et al.* Appellees.

*Opinion filed June 11, 1937—Rehearing denied October 13, 1937.*

URION, BISHOP & SLADKEY, (HOWARD F. BISHOP, of
counsel,) for appellant.

OTTO KERNER, Attorney General, MAURICE L. BLUHM,
and C. S. JEFFERSON, (JEROME F. DIXON, of counsel,) for
appellees.

Mr. JUSTICE ORR delivered the opinion of the court:

Appellant filed suit in the circuit court of Cook county
to enjoin the construction and maintenance of a grade sepa-
ration, or under-pass, adjoining his premises at the inter-
section of Waukegan road and the right of way of the
Chicago, Milwaukee, St. Paul and Pacific Railroad Com-
pany, in the village of Glenview, in Cook county. The ob-
ject sought by the injunction was to stop work on the grade

separation until appellant's damages for loss of accessibility to premises used by him as a gasoline filling station had been determined and paid. He also claimed damages for the taking of a disputed three-foot strip of property by the State in widening the road and making the necessary grade therefor. At the time the evidence was heard a substantial part of the excavation for the new highway appears to have been completed. The bill made the Department of Public Works and Buildings, Division of Highways of the State of Illinois; Kendrick Harger, (District Engineer of the Department of Public Works and Buildings, Division of Highways,) W. A. Black and the Chicago, Milwaukee, St. Paul and Pacific Railroad Company, a corporation, parties defendant. The trial court denied the motion for a temporary injunction, and on March 26, 1936, after a full hearing, dismissed the second amended bill for an injunction and entered a final decree dismissing the complaint for want of equity. This appeal followed.

At the April, 1937, term of this court, the case of *Noorman* v. *The Department of Public Works and Buildings,* 366 Ill. 216, was decided. In that case, as in the case at bar, the Department of Public Works and Buildings, Division of Highways of the State of Illinois, Kendrick Harger, (District Engineer of the Department of Public Works and Buildings, Division of Highways,) were made defendants. After careful consideration of all the identical arguments advanced by same counsel in the *Noorman case* as are advanced here in behalf of jurisdiction, we held that the Department of Public Works and Buildings, which is simply an agency of the State, was improperly named as a defendant, and that Kendrick Harger, "District Engineer of the Department of Public Works and Buildings, Division of Highways," was likewise only "an employee against whom service or a decree in a case of this character will not run, as he is without authority." We there held that appellee had misconceived his action, that the decree of

the circuit court against the Department of Public Works and Buildings and Harger was void, as the trial court was without jurisdiction to enter it, and that such a decree might be attacked for lack of jurisdiction at any time. In view of our holding in the *Noorman case,* it is unnecessary for us to make further comment in the case at bar as to the futility of joining the Department of Public Works and Buildings and Kendrick Harger, "District Engineer of the Department of Public Works and Buildings, Division of Highways," as parties defendant.

The only remaining question is whether the case should be considered on its merits as to the remaining defendants, W. A. Black and the defendant railroad company. The briefs of appellant mention certain affidavits of these two defendants but they are not included in the record. We have repeatedly held that we will not search the transcript or report of the proceedings in order to reverse a judgment. Without these affidavits or other pleadings in the abstract, the relations of Black or the railroad company, to the improvement, are not shown. The blue prints used as exhibits only show the proximity of the railroad tracks to appellant's property. One witness named Wallace, a State highway engineer, testified: "The railroad embankment will come closer to this land as the tracks are being laid," but such general testimony as this is of little probative value where one seeks to halt the construction of a public improvement of great cost and importance. We have searched the abstract in vain for any evidence of damages likely to arise from the elevation of the railroad tracks on the west side of appellant's property, which might be used as a basis for an injunction against the railroad company. No proof is shown relating to probable damages as a result of lessened accessibility to switch tracks. In fact, all of the photographs used as exhibits, and practically all of the testimony in the record, concerns itself exclusively with the width, depth, grade and other details connected with the

excavation for the new highway in front, or on the east side, of appellant's property on Waukegan road.

As the record is devoid of proof that would enable us to reverse the decree of the trial court denying the injunction as against the defendant railroad company and Black, the decree must be affirmed.   *Decree affirmed.*