(No. 25638.—

THE PEOPLE *ex rel.* Maurice P. O'Meara, Trustee, Appellant, *vs.* F. LYNDEN SMITH, Director of the Department of Public Works and Buildings, Appellee.

*Opinion filed June 14, 1940—Rehearing denied October 9, 1940.*

URION, BISHOP & SLADKEY, (HOWARD F. BISHOP, and ROBERT F. DEWEY, of counsel,) for appellant.

JOHN E. CASSIDY, Attorney General, (JEROME F. DIXON, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Through the Department of Public Works and Buildings, the State lowered the grade of Waukegan road on the east side of the plaintiff trustee's real estate in Glenview, Cook county, Illinois. At the intersection of Waukegan road and the Chicago, Milwaukee, St. Paul and Pacific Railroad Company's tracks, a short distance south of the plaintiff's lot, the road was depressed seventeen feet, at the south end of the property, seven feet three inches, and three feet eight inches at the north end.. Waukegan road comes to its prior level at a point two hundred feet north of the plaintiff's north line. In making the grade separation the railroad tracks were raised three feet. Plaintiff's lot is triangular in shape and lies between the railroad tracks on the west and Waukegan road on the east. A cement sidewalk was put in at the lowered level of Waukegan road. The

premises had been used as a filling station. No proceedings were had under the Eminent Domain act to determine damages to the property. There was no physical invasion or taking of the lot, itself. In *O'Meara* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* 367 Ill. 82, we held O'Meara could not enjoin the Department of Public Works and Buildings because it was an agency of the State of Illinois and that the State was, in reality, the real party in interest and it could not be sued. That case involved the same real estate and grade separation.

O'Meara brought a *mandamus* suit to compel F. Lynden Smith, as Director of the Department of Public Works and Buildings, to institute appropriate proceedings in accordance with the provisions of the Eminent Domain act (Ill. Rev. Stat. 1939, chap. 47, par. 1, *et seq.*) to ascertain the just compensation due for damages done to the property. The cause was heard on the petition, the answer, as amended, and plaintiff's reply thereto. When the answer was amended, the defendant set up as a defense an act which became effective July 11, 1939, which vested exclusive jurisdiction over claims for damages, such as the one before us, in the court of claims. (Ill. Rev. Stat. 1939, chap. 47, par. 18, *et seq.*) Plaintiff's reply alleged this act to be unconstitutional and not applicable to the present suit. Judgment was rendered for defendant, the petition for *mandamus* was dismissed, and this appeal followed.

Our holding in *People* v. *Kingery*, 369 Ill. 289, demonstrates conclusively that plaintiff is entitled to have this judgment reversed, unless the 1939 statute referred to is constitutional. Section 13 of article 2 of the Illinois constitution makes absolute the right of a land owner to damages whenever his property is taken or damaged for public use. It makes no difference whether the damages are ascertained before or after the injury is inflicted. (*People* v. *Kingery, supra,* at page 293.) This is a vested property right. *Ettor* v. *Tacoma,* 228 U. S. 148, 157, 57 L. ed. 773, 779.

Defendant says the act of 1939 governs claims for damages which existed at its passage. He points to the fact that a limitation of two years is fixed as to such claims as were not barred when the act was passed, and a three-year limitation as to claims arising thereafter. He also insists that the act is a mere change in remedy and, for that reason, he argues it may be made retroactive. The difficulty with this argument lies in several directions. The act takes away plaintiff's right to enjoin the individual officers of the State in advance of such an injury; it takes away the right of land owners to have payment before their property is damaged; it is made the exclusive remedy, and, although it provides for what amounts to a common law review by *certiorari* (*People* v. *Fisher,* 373 Ill. 228) in the circuit court or superior court in the county wherein the property is located and carries an appropriation of $300,000 for payment of claims thus established under it, there is no assurance that all of the existing claims for damages can be paid out of this sum, or that the General Assembly will make any further appropriation for such payment if this is not enough for the present claim or any future claims.

On the pretense that a particular statute amounts only to a change of remedy, the legislature cannot subject a right such as this to chance and make payment uncertain and problematical. This is not a tort or contract claim. Thus it is said in *Ettor* v. *Tacoma, supra:* "In the instant case the action is neither for a tort, nor a penalty, nor for a forfeiture, but for injury to property, actually accomplished before the repeal of the law under which the street was graded, which required compensation to be made. The right to compensation was a vested property right." The plaintiff contends the 1939 act violates section 12 of article 6 of our constitution in that it divests constitutional courts of jurisdiction over a judicial matter. That section reads: "The circuit courts shall have original jurisdiction of all the causes in law and equity, and such appellate jurisdiction as is or may be provided by law." Section 23 of that

article gives the superior court equal jurisdiction with the circuit court of Cook county. To determine these matters we must consider the language of section 13 of article 2 of our constitution which reads: "Private property shall not be taken or damaged for public use without just compensation. Such compensation, when not made by the State, shall be ascertained by a jury, as shall be prescribed by law." In *Wabash Railway Co.* v. *Coon Run Drainage District*, 194 Ill. 310, 322, this court held that the proceedings for the condemnation of property are judicial in character, and a like holding was made in *Seaboard Air Line Railway* v. *United States*, 261 U. S. 299, 304. See, also, *Hercules Iron Works* v. *Elgin, Joliet and Eastern Railway Co.* 141 Ill. 491, 497; *People* v. *Chase*, 165 id. 527.

It was held in *Frackelton* v. *Masters*, 249 Ill. 30, that an act which took from the circuit courts jurisdiction to appoint trustees to sell real estate, and placed it exclusively in county and probate courts, contravened section 12 of article 6, *supra*. The fact that no jury is required under the constitution when compensation is paid by the State, does not change the ascertainment of damages for land taken or land consequentially injured from a thing of judicial character. The 1939 act is invalid because of the provision that the court of claims shall have exclusive jurisdiction.

Defendant argues at length that because of the fact that a jury is not required in such a case, as to the State, eminent domain proceedings are not judicial in character, and that the General Assembly can provide any means to ascertain damages it sees fit, as at common law might have been done by the sovereign. We point out that a provision for the appointment of commissioners in such a case was taken out of the proposed section of the bill of rights by the constitutional convention and the requirement for a jury in all other cases, and the matter of damages to lands not taken, were not contained in the corresponding sections of the 1818

and 1848 constitutions, and that it has been our uniform holding that payment in advance of physical invasion of private property sought to be taken for public use has been required since the 1870 constitution was adopted. Whether or not the State could provide a different and additional mode to ascertain compensation either for land taken or consequential damages, is immaterial, since this is a matter that is judicial in character and it cannot deprive constitutional courts of their jurisdiction over judicial matters. There is no claim that this act is lacking in due process in the sense that it fails to provide notice and a hearing.

The defendant's contention that *mandamus* will not lie because the Governor is not made a party, and that he can not be reached by *mandamus* (*People* v. *Dunne,* 258 Ill. 441; *MacGregor* v. *Miller,* 324 id. 113; *People* v. *Cullom,* 100 id. 472;) is of no avail. We can only assume that public officers will do whatever duty is required of them by law and that the Governor would sign the petition in a proceeding to ascertain the plaintiff's damages. Where, as here, there is no indication or proof that another officer refuses to do his public duty and his act is required in the proceeding sought to be instituted through *mandamus* brought against an officer who has failed to act, the former is not a necessary party in the *mandamus* suit. *People* v. *Rice,* 356 Ill. 373, 377; *People* v. *Brady,* 262 id. 578; *People* v. *Gazelle,* 299 id. 58.

Charles Casey, Director of the Department of Public Works and Buildings of the State of Illinois, is hereby substituted as party defendant for F. Lynden Smith who has died.

For the reasons stated, the judgment of the superior court of Cook county is reversed and this cause is remanded to that court, with directions to grant the plaintiff's petition and to issue the writ of *mandamus* as prayed.

*Reversed and remanded, with directions.*