(No. 30411.

The People *ex rel.* Caddie Pratt *et al.,* Appellants, *vs.*
Walter A. Rosenfield, Director of Public Works and
Buildings, *et al.,* Appellees.

*Opinion filed January 22, 1948—Rehearing denied March 15, 1948.*

C. M. Granger, and H. W. Snow, both of Kankakee,
for appellants.

George F. Barrett, Attorney General, of Springfield,
(William C. Wines, of Chicago, of counsel,) for appellee
Director of Public Works and Buildings.

Victor N. Cardosi, and Eva L. Minor, both of Kan-
kakee, (V. W. Foster, C. A. Helsell, and John W.
Freels, all of Chicago, of counsel,) for other appellees.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

On February 10, 1947, the appellants filed their amended petition in the circuit court of Kankakee County for a writ of *mandamus* requiring the city of Kankakee, its mayor and members of its city council, the Illinois Central Railroad Company, and Walter A. Rosenfield, as Director of Public Works and Buildings of the State of Illinois, jointly to file a petition having for its purpose the determination of damages to appellant's property growing out of certain changes in grade made in connection with the removal of an old viaduct and the construction of a new one in its place over the Illinois Central right of way and upon Court Street in said city. The amended petition alleged in substance that appellants, respectively, owned improved property fronting upon Court Street; that said street crosses over said tracks and runs along the north boundaries of appellants' properties and is a city street and a public thoroughfare and is also a part of State Highway No. 17 of the Illinois State highway system; that certain portions of the street are under the jurisdiction and control of the city and other portions under the jurisdiction and control of the defendant Rosenfield, as such director, but that appellants are unable to determine the location or extent of the jurisdiction of either party; that the railroad runs north and south and Court Street runs east and west; that the railroad passes under the viaduct which carries Court Street over the tracks; that said viaduct had become inadequate and obsolete and the three appellees, pursuant to State laws governing the elimination of grade crossings and construction of grade separations, entered into an agreement, the provisions of which are unknown to appellants, for the construction of a new viaduct at this point; that in the course of construction of the new viaduct, the grade of Court Street was raised above its former elevation; that all of the work in removing the old and con-

structing the new viaduct had been done pursuant to said agreement and at the instigation of, by authority of, and under the direction of, the appellees; that the work was done for a public use to eliminate traffic hazards and for the accommodation of heavy traffic on said street. The difference in elevation of grade is 18 inches at the highest point. It is alleged that the change of grade impedes ingress to and egress from appellants' properties; that as a result of the changes in grade, surface waters run into appellants' buildings and make them unfit for the uses to which they are now devoted and will damage or destroy valuable equipment, machinery and supplies therein; that if the present uses of the properties are to be continued, it will be necessary to change the floor levels inside the buildings to afford access to Court Street and to prevent flooding of the buildings by surface waters and that because the buildings are concrete, steel and brick, the raising of the floors and remodeling the buildings to permit access thereto will require large expenditures of money. It is alleged that it was the duty of appellees to ascertain the amount of damages to appellants by reason of said improvement and to pay those damages; that notice of damages was given to each of the appellees and demand made that just compensation be paid or a proceeding instituted under the Eminent Domain Act to ascertain the amount of same, but that appellees refused to pay damages or to institute such proceedings therefor. It is further alleged that each of appellees has money available for the purpose of paying the consequential damages to appellant's property and that unless a *mandamus* writ be awarded, appellants are without a remedy because there is no other form of proceeding in which they may have relief against all the appellees who have united in damaging their property.

Each appellee filed a motion to dismiss the amended petition, which was allowed. Appellants elected to stand by their amended petition, and the same having been dis-

missed, they appealed directly to this court, the construction of section 13 of article II of our State constitution being involved.

It will be observed that none of plaintiffs' property was taken by the improvement but consequential damages are alleged to adjacent property as a result thereof. There is some argument that the damage is of such nature as to constitute a taking in law. We shall discuss that later.

Appellants seek the writ of *mandamus* against all of the appellees, saying that there is no other form of proceeding in which they may have relief against the three. Much reliance is placed by them upon the cases of *People ex rel. First Nat. Bank* v. *Kingery,* 369 Ill. 289, and *People ex rel. Omeara* v. *Smith,* 374 Ill. 286. The writ was allowed in those cases because a suit for damages could not be maintained against the Director of the Department of Public Works and Buildings and there was no other party against whom damages could be recovered. In the case at bar appellants allege liability against each appellee and say that each of the appellees has money available for the purpose of paying the consequential damages. The reason, therefore, existing in the *Kingery* and the *Smith cases* does not apply here.

Appellants contend that they are entitled to the writ because section 13 of article II of our State constitution provides that private property shall not be taken or damaged for public use without just compensation. In the recent case of *People ex rel. Tyson* v. *Kelly,* 379 Ill. 297, we held that an abutting property owner is not entitled to have condemnation proceedings instituted to determine damages to his property occasioned by public improvement where no part of his property is taken, and such property owner cannot by *mandamus* compel a city to institute proceedings under the Eminent Domain Act to ascertain damages arising out of the construction of such improvement. We there cited with approval our holding in *County of*

*Mercer* v. *Wolff*, 237 Ill. 74, to the effect that damages resulting to an abutting property owner, no part of whose land is physically taken, are not within the contemplation of the Eminent Domain Act, but that the owner is remitted to his action at law for damages. The same rule is also announced in *South Park Comrs.* v. *Montgomery Ward & Co.* 248 Ill. 299; *Bay Bottoms Drainage Dist.* v. *Cache River Drainage Dist.* 295 Ill. 301, and in *Doane* v. *Lake Street Elevated Railroad Co.* 165 Ill. 510.

*Illinois Power and Light Corp.* v. *Peterson*, 322 Ill. 342, points out that the provisions of section 13 of article II of the constitution, providing just compensation for taking or damaging property, are fully complied with if plaintiff be given an action at law where none of his property is taken, or is made defendant in an eminent domain proceeding where his property is actually taken. We there said, "In either case the right to damages is the same and is based on the present constitutional provision."

As to whether the alleged damages are such as to amount to a physical taking of property, we note the allegations that surface waters run into the buildings and make them unfit for the uses to which they are now devoted and will damage or destroy valuable equipment, machinery and supplies therein; that it will be necessary to change the floor levels and that because of the materials of which the buildings are constructed the change of floor levels will require large expenditures of money. It is not alleged that these waters accumulate and remain on the premises and thereby prevent the use thereof, but it is claimed that by reason of their running into the buildings the damages are occasioned. Running surface waters are not constantly present but are temporary and come as a result of rain or snow.

In *Kane* v. *City of Chicago*, 392 Ill. 172, structural or physical damages to a building resulting from the construction of a public improvement were considered, and we

there held that there was no taking of property within the meaning of that term as used in the constitution and in the Eminent Domain Act. In the *Kelly case* serious injury was alleged and the contention was made that there was a taking by reason of the damages. The damages to the property alleged in that case were as grave in nature as those alleged here. In that case we said, "We are of the opinion that the case before us does not, on the facts alleged, bring plaintiff's case within the definition of a taking of property by invasion, * * *." What was there said applies here and in our opinion the allegations of the amended petition are not sufficient to show a taking of any of appellants' property.

Appellants contend that the trial court abused its discretion in dismissing their amended petition and erred in holding the petition insufficient to require the issuance of the writ. By the express allegations of the petition, an adequate remedy at law is shown to exist against the city and the railroad and each is alleged to have funds available with which to pay the damages. The allegations are not sufficient to indicate a physical invasion of appellants' properties, and there is no showing that any property was actually taken in connection with the improvement.

In our opinion there was no abuse of judicial discretion by the trial court. No constitutional right of appellants has been violated. It will not be necessary to discuss other points argued. The judgment of the lower court is affirmed.

*Judgment affirmed.*