(No. 34947.—

THE PEOPLE ex rel. Harry S. Haynes, Appellee, vs. E. A. ROSENSTONE, Appellant.

*Opinion filed May 22, 1959.*

LATHAM CASTLE, Attorney General, of Springfield, (RICHARD W. HUSTED, and C. ARTHUR NEBEL, of counsel.) for appellant.

BERNARD L. MINTON, of McLeansboro, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Harry S. Haynes, who owns land in Hamilton County which abuts upon a State highway, filed a petition for a writ of *mandamus* against E. A. Rosenstone, Director of the Department of Public Works and Buildings. The petition seeks to compel the defendant to institute proceedings under the Eminent Domain Act to ascertain damages to the petitioner's property which are alleged to have been caused by certain changes in the highway. The defendant's motion to dismiss was denied. He answered, and then moved for judgment on the pleadings. That motion was also denied, and the court thereupon ordered the writ to issue. Defendant appeals directly to this court on the ground that a construction of the constitution is involved. Ill. Rev. Stat. 1957, chap. 110, par. 75.

The petition alleges that in 1952 the highway was widened and resurfaced, and in 1955 a culvert along the right of way in front of petitioner's property was replaced; that the improvements to the highway raised it above the adjacent premises of petitioner, so that surface waters may no longer drain partly down the highway but must drain entirely through the culvert; that the culvert is too small to handle the flow of water during periods of normal rainfall, and that at such times water backs up and overflows onto and damages petitioner's property.

None of the petitioner's land was taken and the defendant claims that for that reason it was error to require him to file an eminent domain proceeding for the ascertainment of the petitioner's damage.

Section 13 of article II of the constitution provides that "Private property shall not be taken or damaged for public use without just compensation." Where land is actually taken by eminent domain the owner may recover in the condemnation proceeding for damage to contiguous land not described in the petition. (*Metropolitan West Side Elevated Railroad Co.* v. *Johnson,* 159 Ill. 434.) But where no part of a property owner's land is actually taken, *mandamus* will not ordinarily lie to compel the institution of eminent domain proceedings. (*Horn* v. *City of Chicago,* 403 Ill. 549; *People ex rel. Pratt* v. *Rosenfield,* 399 Ill. 247; *People ex rel. Tyson* v. *Kelly,* 379 Ill. 297.) In these cases the Eminent Domain Act was construed as not contemplating such proceedings because the alternative remedy of an action for damages was readily available. *People ex rel. Tyson* v. *Kelly,* 379 Ill. 297, at 304.

But when the State or one of its agencies inflicts damage in connection with a public improvement, the sovereign immunity from suit established by section 26 of article IV of the constitution precludes the action for damages that is available against other condemnors. In *People ex rel. First National Bank* v. *Kingery,* 369 Ill. 289, which involved a situation resembling that now before us, this court recognized that the constitutional guaranty of just compensation for property damaged for public use requires that some remedy be afforded. And so it applied the familiar fiction which divorces the State officer from the State, (see *Noorman* v. *Department of Public Works and Buildings,* 366 Ill. 216, 222,) and held that a *mandamus* action would lie against the director of the appropriate department of the State, to compel him to institute eminent domain proceedings. It also held that a proceeding to determine damage to land not taken was within the contemplation of the Eminent Domain Act in the absence of an alternative right to recover damages.

After the *Kingery case* was decided in 1938, the Gen-

eral Assembly enacted a statute that gave exclusive jurisdiction over such claims of damage to the Court of Claims, prescribed in detail the procedure to be followed in that court, and appropriated funds for payment of claims. (Ill. Rev. Stat. 1939, chap. 47, pars. 18-30.) In *People ex rel. O'Meara* v. *Smith,* 374 Ill. 286, this statute was held unconstitutional on the ground that it would deprive the circuit and superior courts of their constitutional jurisdiction. *People* v. *Kingery* was followed in the *O'Meara case,* and there has been no departure from the fundamental basis of the *Kingery case* in the many cases that have since discussed various aspects of the problem. (See, *e.g., Grunewald* v. *City of Chicago,* 371 Ill. 528; *Posinski* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* 376 Ill. 346; *People ex rel. Wanless* v. *City of Chicago,* 378 Ill. 453; *People ex rel. Pratt* v. *Rosenfield,* 399 Ill. 247; *Horn* v. *City of Chicago,* 403 Ill. 549.) For the reasons stated in these cases we adhere to the view that a property owner who can prove that his property has been damaged by the State for the benefit of the public can compel the institution of eminent domain proceedings. And for the reasons stated in the *O'Meara case,* we do not regard the possibility of securing relief in the court of claims, or even the pendency of petitioner's claim in that court, as a bar to the relief here sought.

The next question is whether the requisite showing of damage to the petitioner's property has been made. On the date the case was set for hearing the respondent's motion for judgment on the pleadings was argued by counsel and denied by the court. The court thereupon ordered the writ to issue, overruling the defendant's objection to the entry of judgment in the absence of proof of the petitioner's allegations. The defendant's motion for judgment on the pleadings was apparently based on the fact that certain allegations in the answer were not denied by a reply. We agree with the trial court that these allegations were not

material, and so did not warrant the entry of judgment for the defendant.

But we think that it was error to direct the writ to issue. The motion for judgment presented for determination, upon the face of the pleadings, the legal effect of the uncontroverted factual allegations and the materiality of those that were disputed. The pleadings raised at least one specific factual issue: whether the present culvert is sufficient to drain surface water from the raised highway without causing it to back up onto petitioner's land. Petitioner says it is not; defendant says it is. More generally, the pleadings leave unresolved the question of whether the raising and resurfacing of the highway created a new situation resulting in damage to the petitioner's land. These questions must be resolved in favor of the petitioner before the State officer can be compelled to institute condemnation proceedings, the only purpose of which is to determine the amount to be awarded as damages. To justify issuance of the writ, the *mandamus* proceeding must determine the fact of damage. As the pleadings stand that fact is disputed, and it was therefore error to enter judgment for the petitioner on the pleadings.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*