LAKE KA-HO, INC., *et al.*, Petitioners-Appellees, v. JOHN KRAMER, Director, Department of Transportation, Defendant-Appellant.

Fifth District    No. 5—84—0429

Opinion filed March 13, 1985.—Rehearing denied April 16, 1985.

HARRISON, J., dissenting.

Neil F. Hartigan, Attorney General, of Springfield (D. A. McGrady, Special Assistant Attorney General, and Roy E. Frazer, Jr., Assistant Attorney General, of counsel), for appellant.

Ronald C. Mottaz, of Thomas, Mottaz, Eastman & Sherwood, of Alton, for appellees.

JUSTICE WELCH delivered the opinion of the court:

Petitioners Lake Ka-Ho, Inc., and J. C. Smith, Billy R. Summers, and William L. Peipert, Jr., trustees of Lake Ka-Ho Subdivision, commenced this *mandamus* action in the circuit court of Madison County to compel defendant John Kramer, Director of the Department of Transportation, State of Illinois (the Director), to institute eminent domain proceedings with respect to real property located in Lake Ka-Ho Subdivision in Macoupin County. The Director objected to venue in

Madison County and also moved that the petition be dismissed for want of jurisdiction. From denial of said motions, the Director appealed to this court pursuant to Supreme Court Rule 308. (87 Ill. 2d R. 308.) This court dismissed the appeal. The Director then moved that the circuit court reconsider its prior orders in the case. From the denial of the latter motion, the Director sought leave to appeal pursuant to Supreme Court Rule 306 (87 Ill. 2d R. 306.) This court granted said petition. We reverse.

The pertinent facts include this court's opinion in *Department of Transportation v. Lake Ka-Ho, Inc.* (1981), 98 Ill. App. 3d 1052, 425 N.E.2d 50 (hereinafter *Lake Ka-Ho I*). To accomplish the construction of Interstate Route No. 55 in the area, the Department of Transportation condemned an L-shaped tract of land in Lake Ka-Ho Subdivision. Lake Ka-Ho, Inc., cross-petitioned for damages to land not taken. At trial, the circuit court refused to allow proof of damages caused to the lake by siltation, that court ruling that the siltation came from earthen dikes about 600 feet away from the condemned tract. This court affirmed, stating:

> "We therefore hold that the siltation was not the direct result of the taking and even if it were, neither the pleadings nor the evidence was sufficient to sustain an award.
>
> We offer no opinion as to any possible alternative remedy available to the defendants against the State of Illinois." 98 Ill. App. 3d 1052, 1056, 425 N.E.2d 50, 53.

In the instant petition, petitioners sought that the Director be compelled to institute eminent domain proceedings "for the taking of land and damages to land not taken" for lots 1, 2, 3, and 5 and Outlot B of Block 1 in Lake Ka-Ho Subdivision and that portion of the lake adjacent to and between said lots. Said petition set forth as a factual basis

> "that at the time of construction, and thereafter, of Interstate Route 55, through Macoupin County, in and near [the property] *** said lake has silted and a portion thereof is no longer usable as a lake area. *** That as a result of said siltation ***, Lake Ka-Ho, Inc., has been deprived of its right of access from its lots hereinabove described to the remaining lake area. *** That said siltation has destroyed *** access to the lake area and has damaged and reduced in value [the property] ***."

The Director's motions for transfer to a proper venue and to dismiss for want of jurisdiction were denied in an order reciting that there was no good cause to delay an appeal. The Director's appeal to this court pursuant to Rule 308 was dismissed for failure of the trial court to identify the question of law certified for appeal. (See 87 Ill.

2d R. 308.) The circuit court, on June 8, 1984, denied the Director's motion for reconsideration. This court granted leave to appeal. 87 Ill. 2d R. 306.

From the pleadings and affidavits it appears uncontradicted that the real estate in question is located entirely within Macoupin County, and that the Department of Transportation maintains its principal office in Sangamon County and two branch offices in Madison County.

We first consider petitioners' contention that the Director's appeal is not proper under Rule 306. Rule 306 provides for petition for leave to appeal to the appellate court, *inter alia*, from an order granting or denying a motion for transfer of venue based on the assertion that the defendant is not a resident of the county in which the action was commenced, and no other legitimate basis for venue in that county has been offered by the plaintiff. (87 Ill. 2d R. 306(a)(1)(iv).) Here, petitioners concede that the location of the real estate has no bearing on the venue issue. It is not alleged that the Director is a resident of Madison County. Petitioners urge, instead, that venue is proper in Madison County due to the presence there of the two Department of Transportation branch offices.

With exceptions not pertinent here, actions against a "public, municipal, governmental or quasi-municipal corporation" must be brought in the county in which its "principal" office is located. (Ill. Rev. Stat. 1983, ch. 110, par. 2—103(a); see *Harrell v. Board of Trustees* (1977), 48 Ill. App. 3d 319, 321, 362 N.E.2d 441, 443-44.) We conclude that this is a case in which no "other" legitimate basis for venue in Madison County has been offered by plaintiff. The Director's appeal is properly before this court pursuant to Rule 306.

While the parties have chosen to address the merits of the venue issue next, we proceed to the jurisdictional issues which are potentially dispositive of the appeal. The Director argues that the petition for *mandamus* should have been dismissed because the matter of eminent domain proceedings as to siltation damage to the lake is *res judicata* after *Lake Ka-Ho I*. We have carefully examined the instant record and the arguments of counsel, and have found nothing to contradict our impression that the siltation of the lake alleged in the petition for *mandamus* is the same siltation for which petitioners sought recovery in *Lake Ka-Ho I*. Petitioners do not contend otherwise. As we read *Lake Ka-Ho I*, this court agreed with the circuit court that if the defendants (petitioners here) had any remedies available against the State of Illinois, the remedy of eminent domain proceedings was not among them. The doctrine of *res judicata* is based on the requirements of justice and public policy that a matter once adjudicated

should be deemed finally and conclusively settled in any subsequent litigation between the same parties where the same question arises. (*City of Chicago v. Walker* (1978), 61 Ill. App. 3d 1050, 1054, 377 N.E.2d 1214, 1217.) We hold that insofar as eminent domain proceedings are concerned, damage suffered by petitioners on account of the alleged siltation of the lake is *res judicata*. The trial court should have dismissed the petition for *mandamus*, as the Director's lack of authority to compensate petitioners for the damages alleged had been conclusively determined in *Lake Ka-Ho I*.

██ Aside from our conclusion that the extent of the Director's authority in this matter was conclusively decided in a prior adjudication, what petitioners allege is a damaging of property without a taking, a matter within the exclusive jurisdiction of the Illinois Court of Claims, not a matter for eminent domain proceedings in the circuit court. The parties agree that a "taking" is a matter for the circuit court and that a "damaging" without a "taking" is for the Illinois Court of Claims. (*Granite City Moose Lodge No. 272 v. Kramer* (1983), 96 Ill. 2d 265, 271, 449 N.E.2d 852, 855.) A loss or impairment of access does not involve an actual physical invasion of the property, and it therefore constitutes a "damaging," rather than a "taking," of the property. An abutting property owner is not entitled to have condemnation proceedings instituted to determine damages to his property occasioned by a public improvement where no part of his property is physically taken. (*Granite City Moose Lodge No. 272 v. Kramer* (1983), 96 Ill. 2d 265, 449 N.E.2d 852.) Petitioners argue that the subdivision lots in question are totally worthless to them now. This was not pleaded. Even if it had been pleaded, such would be a mere conclusion of the pleader, entitled to no weight on motion challenging the pleadings. (See *People ex rel. Waite v. Bristow* (1945), 391 Ill. 101, 103, 62 N.E.2d 545, 547.) The same must be said as to petitioners' reliance on the petition's allegation that a "taking" had occurred. This, again, is a mere conclusion, which the facts well pleaded do not support.

In summary, we conclude that the circuit court of Madison County was without jurisdiction to issue the writ of *mandamus* as sought in petitioners' petition. For the foregoing reasons, the June 8, 1984, order of the circuit court of Madison County is reversed; the petition for *mandamus* is dismissed.

Order reversed; petition for *mandamus* dismissed.

JONES, P.J., concurring.

JUSTICE HARRISON, dissenting:

Defendant's motion to dismiss this case for want of jurisdiction was denied on May 6, 1983. Defendant then filed a motion to reconsider the court's order. This motion to reconsider was not denied until June 20, 1983, more than 30 days after entry of the original order, and defendant did not seek to appeal the order until that time. This court has recently decided that the filing of a motion to reconsider in the trial court does not extend the time for filing a Rule 306 (87 Ill. 2d R. 306) petition beyond the "30 days after the entry of the order" allowed by the rule (*Leet v. Louisville & Nashville R.R. Co.* (1985), 131 Ill. App. 3d 763), and the majority's implied conclusion that we have jurisdiction in this case is completely inconsistent with our holding in *Leet*. I would dismiss this appeal.