NATHAN M. ROTHSCHILD *et al.*, Petitioners-Appellees, v. GREG BAISE, Secretary of the Department of Transportation, *et al.*, Respondents-Appellants.

Fifth District   No. 5—86—0552

Opinion filed May 20, 1987.—Rehearing denied July 8, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, of Chicago, Roy E. Frazier, Jr., Assistant Attorney General, of Springfield, and David R. Leggans and Paul R. Giamanco, Special Assistant Attorneys General, both of Mt. Vernon, of counsel), for appellant.

Mike Reed and William C. Loeffel, both of Crain, Cooksey & Veltman, Ltd., of Centralia, for appellees.

JUSTICE HARRISON delivered the opinion of the court:

This case is before the court on a permissive interlocutory appeal pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308). At issue is an order of the circuit court of Marion County which denied a motion to dismiss a count in petitioners' complaint seeking a writ of *mandamus* to compel respondent Greg Baise, Secretary of the Illinois Department of Transportation, to institute eminent domain proceedings to compensate petitioners for an alleged loss of access to their property. For the reasons which follow, we reverse.

Petitioners, Nathan and Beverly Rothschild, own a parcel of real estate, improved with a two-story building, which is located on McCord Street in Centralia. Respondent St. Louis Bridge Construction Company is presently erecting an overpass on the site of McCord Street under contract with respondent Illinois Department of Transportation as part of a project to improve State Route 161 West. For the purposes of this appeal, the parties agree that no part of petitioners' property has been physically invaded during the course of or used for construction of the overpass. Rather, the injury of which petitioners complain is the loss of access to their property from McCord Street.

Petitioners' complaint is in two counts. Count I requests a preliminary and permanent injunction to halt construction of the overpass. Count II seeks a writ of *mandamus* to compel respondent Greg Baise, Secretary of the Illinois Department of Transportation, to institute eminent domain proceedings in order to compensate petitioners for the aforementioned loss of access. Respondents moved to dismiss both counts. Their motion was granted as to count I, but denied as to count II. A subsequent motion by respondent Baise for reconsideration of the refusal to dismiss count II was likewise denied. Thereafter, respondent Baise filed an answer to count II, but moved for certification by the trial court that its order refusing to dismiss that count involved a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation. This motion was granted. The specific question of law identified by the circuit court in its certification is whether that court has jurisdiction to issue a writ of *mandamus* to compel respondent Baise to institute eminent domain proceedings with respect to petitioners' property where there has been a loss of access to, but no physical invasion of,

that property. We granted respondent Baise leave to appeal pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308), and this question is now before us for consideration.

Article I, section 15, of the 1970 Illinois Constitution states that "[p]rivate property shall not be taken or damaged for public use without just compensation as provided by law." (Ill. Const. 1970, art. I, sec. 15.) This constitutional guarantee is codified in article VII of our Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 7—101 *et seq.*), which provides for the ascertainment of such compensation in circuit court through eminent domain proceedings. Petitioners argue that access to their real estate from McCord Street is a legally cognizable property right, the impairment of which entitles them to bring a *mandamus* action to compel respondent Baise to institute eminent domain proceedings under these provisions. Respondent Baise, for his part, does not deny that a property owner is entitled to compensation if access to the property from an abutting street is materially impaired. He asserts, however, that petitioners in this case can only seek such compensation in the Court of Claims and are not entitled to proceed against him in the circuit court as they are now attempting to do. We agree.

Where, as here, a loss or impairment of access does not involve an actual physical invasion of the property, it constitutes a "damaging," rather than a "taking," of the property. A "damaging" without a "taking" is not a proper subject for eminent domain proceedings in circuit court. (*Lake Ka-Ho, Inc. v. Kramer* (1985), 131 Ill. App. 3d 782, 786, 475 N.E.2d 1379, 1382.) As our supreme court has expressly held, an abutting property owner is not entitled to have condemnation (eminent domain) proceedings instituted to determine damages to his property occasioned by a public improvement where no part of his property is physically taken, and the authorized sovereign constructing such improvement is not required "under the constitution or the Eminent Domain Act [now article VII of our Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 7—101 *et seq.*)] or any other law or statute, to institute condemnation or other proceedings to ascertain such damages." *Granite City Moose Lodge No. 272 v. Kramer* (1983), 96 Ill. 2d 265, 271, 449 N.E.2d 852, 855; see also *People ex rel. Pratt v. Rosenfield* (1948), 399 Ill. 247, 250-52, 77 N.E.2d 697; *cf. Herget National Bank v. Kenney* (1985), 105 Ill. 2d 405, 475 N.E.2d 863 (writ of *mandamus* proper to compel Director of Illinois Department of Conservation to institute eminent domain proceedings where Director planned to refill lake, flooding plaintiff's property).

A contrary result was reached on analogous facts by a panel of the Fourth District Appellate Court in *Inn of the Lamplighter, Inc. v. Kramer* (1984), 128 Ill. App. 3d 317, 470 N.E.2d 1205. In our view, that case was decided incorrectly. *Inn of the Lamplighter, Inc.* was based primarily on three decisions of our supreme court which predated *Granite City Moose Lodge No. 272 v. Kramer* (1983), 96 Ill. 2d 265, 449 N.E.2d 852: *People ex rel. First National Bank v. Kingery* (1938), 369 Ill. 289, 16 N.E.2d 761, *People ex rel. O'Meara v. Smith* (1940), 374 Ill. 286, 29 N.E.2d 274, and *People ex rel. Haynes v. Rosenstone* (1959), 16 Ill. 2d 513, 158 N.E.2d 577. These earlier cases do not support the result reached by the Fourth District.

In *Inn of the Lamplighter, Inc.*, the Fourth District interpreted *Kingery, O'Meara,* and *Rosenstone* to mean that a petition for a writ of *mandamus* will lie to compel the bringing of eminent domain proceedings even absent a "taking" where, as here, the State is the only defendant. We do not read the cases so narrowly. As respondent Baise has pointed out, the critical factor underlying each of these cases was not simply that the State was the sole defendant. Rather, it was that unless such a proceeding were permitted, the plaintiff would be left wholly without a remedy. See, *e.g., People ex rel. First National Bank v. Kingery* (1938), 369 Ill. 289, 292, 16 N.E.2d 761.

When Kingery was decided, our constitution provided that the State could never be made a defendant in any court of law or equity. (*People ex rel. First National Bank v. Kingery* (1938), 369 Ill. 289, 291, 16 N.E.2d 761, 763.) As a result, no action for damages could be maintained against the State. The court in that case recognized, however, that the constitutional guarantee of just compensation for property damaged or taken for public use required that some remedy be afforded. Accordingly, it invoked the legal fiction that the action was actually against the director of the State department involved in the dispute and not against the State itself and held that a *mandamus* action would lie to compel the director to institute eminent domain proceedings. 369 Ill. 289, 292, 16 N.E.2d 761.

After *Kingery* was decided, the General Assembly promulgated legislation which vested exclusive jurisdiction over damage claims against the State, including claims for just compensation for property damaged for public use, in the Court of Claims. In *People ex rel. O'Meara v. Smith* (1940), 374 Ill. 286, 288, 29 N.E.2d 274, our supreme court acknowledged that if that legislation were constitutional, plaintiff could not obtain a writ of *mandamus* to compel the State to institute eminent domain proceedings to compensate plaintiff for loss of access to his property where, as here, there had been no physical

invasion or taking of the property. The court concluded, however, that the legislation was invalid. It therefore followed its earlier decision in *Kingery* and ordered a writ of *mandamus* to issue. 374 Ill. 286, 290-91, 29 N.E.2d 274.

*People ex rel. Haynes v. Rosenstone* (1959), 16 Ill. 2d 513, 158 N.E.2d 577, was not a loss of access case, but involved damage allegedly caused by water which periodically overflowed onto plaintiff's property from an adjacent State highway and culvert. Although the legislation concerning the Court of Claims had since been amended, the court there continued to adhere to its prior decision in *O'Meara* and found that a *mandamus* action would lie provided that plaintiffs could establish that their property had in fact been damaged.

Subsequent to *Kingery, O'Meara,* and *Rosenstone,* a new constitution was adopted in this State. Under section 4 of article XIII of the present constitution, the doctrine of sovereign immunity was abolished "[e]xcept as the General Assembly may provide by law." (Ill. Const. 1970, art. XIII, sec. 4.) By this provision, the people of the State expressly delegated to the legislative branch of government the task of determining in what manner and in what court and in what cases the State may be subjected to suit. *S.J. Groves & Sons Co. v. State of Illinois* (1982), 93 Ill. 2d 397, 406, 444 N.E.2d 131, 135, *overruled in part on other grounds Rossetti Contracting Co. v. Court of Claims* (1985), 109 Ill. 2d 72, 485 N.E.2d 332.

The General Assembly has exercised its constitutional authority by enacting legislation which provides that the State shall not be made a party or defendant in any court "[e]xcept as provided in the 'Illinois Public Labor Relations Act' ***, or except as provided in 'An Act to Create the Court of Claims, to prescribe its powers and duties, and to repeal AN ACT herein named.'" (Ill. Rev. Stat. 1985, ch. 127, par. 801.) "AN ACT to Create the Court of Claims, to prescribe its powers and duties, and to repeal an Act herein named" (Ill. Rev. Stat. 1985, ch. 37, par. 439.1 *et seq.*) has, in turn, now been found by our supreme court to be constitutional. *Seifert v. Standard Paving Co.* (1976), 64 Ill. 2d 109, 355 N.E.2d 537, *overruled in part on other grounds Rossetti Contracting Co. v. Court of Claims* (1985), 109 Ill. 2d 72, 485 N.E.2d 332; *S.J. Groves & Sons Co. v. State of Illinois* (1982), 93 Ill. 2d 397, 444 N.E.2d 131, *overruled in part on other grounds Rossetti Contracting Co. v. Court of Claims* (1985), 109 Ill. 2d 72, 485 N.E.2d 332.

■■ In light of these developments, a property owner who has suffered the loss of access to, but no physical invasion of, his property because of a public improvement is no longer without a remedy. He

may seek compensation from the State in the Court of Claims. (*Granite City Moose Lodge No. 272 v. Kramer* (1983), 96 Ill. 2d 265, 270, 449 N.E.2d 852, 854.) The rationale underlying *Kingery*, *O'Meara*, and *Rosenstone* thus no longer exists. We therefore respectfully decline to follow the decision of the Fourth District Appellate Court in *Inn of the Lamplighter, Inc. v. Kramer* (1984), 128 Ill. App. 3d 317, 470 N.E.2d 1205.

■ Following *Granite City Moose Lodge No. 272 v. Kramer* (1983), 96 Ill. 2d 265, 270, 449 N.E.2d 852, this court expressly held that a "damaging" without a "taking," as is involved here, is a matter within the exclusive jurisdiction of the Court of Claims and not a matter for eminent domain proceedings in circuit court. (*Lake Ka-Ho, Inc. v. Kramer* (1985), 131 Ill. App. 3d 782, 786, 475 N.E.2d 1379, 1382.) For the reasons set forth above, we continue to believe in the correctness of this holding. Accordingly, we find that the circuit court of Marion County is without jurisdiction to issue a writ of *mandamus* as requested in count II of petitioners' complaint. The order of the circuit court of Marion County refusing to dismiss that count is therefore reversed, and count II of petitioners' complaint is hereby dismissed.

Order reversed; count II of complaint for writ of *mandamus* dismissed.

KARNS, P.J., and KASSERMAN, J., concur.