THE DEPARTMENT OF TRANSPORTATION *ex rel.* THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff and Counterdefendant-Appellee, v. INTERSTATE BRANDS CORPORATION, Defendant and Counterplaintiff-Appellant (The Department of Revenue, Defendant).

Fourth District   No. 4—93—0446

Opinion filed October 22, 1993.

Timothy E. Duggan, of Springfield, for appellant.

Roland W. Burris, Attorney General, of Springfield (R. Phillip Reed, Special Assistant Attorney General, of counsel), for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

This court allowed the application for leave to appeal pursuant to Illinois Supreme Court Rule 308 (134 Ill. 2d R. 308) filed by defendant-counterplaintiff Interstate Brands Corporation (hereinafter defendant). The plaintiff-counterdefendant Illinois Department of Transportation (hereinafter plaintiff) brought an eminent domain proceeding in the circuit court of Sangamon County seeking a temporary construction easement for three years over a small portion of defendant's property, amounting to .054 acres. Because of several recorded notices of lien, the Illinois Department of Revenue was also named a party defendant, but is not a party to this appeal. As alleged in plaintiff's complaint, the temporary construction easement was needed to facilitate "the constructing, widening and maintaining of FA Route 67, a State highway, under the control and jurisdiction of plaintiff." Defendant filed a counterclaim seeking to recover damages for property which was not to be taken by plaintiff. It is the dismissal of the counterclaim which prompted this appeal.

■■ Before addressing the merits of the appeal, several preliminary matters need to be addressed. Because Illinois Supreme Court Rule 308(c) (134 Ill. 2d R. 308(c)) requires that the application for leave to appeal be accompanied by a copy of the trial court's order and other parts of the trial court record necessary to a determination of the application, it would ordinarily be expected that the

pleading dismissed be included in the record accompanying the application. It is not in this case. Nevertheless, here the omission is not fatal to the appeal because (1) there are sufficient additional documents included in the record to apprise this court of the circumstances presented to the trial court since the issue arose not only by reason of the dismissal of the counterclaim, but because of a ruling on a motion *in limine* to exclude evidence of damages to the remainder of defendant's property; (2) a copy of the counterclaim was included in the appendix to the appellant's brief (134 Ill. 2d R. 342(a)); and (3) plaintiff has not specifically objected to the omission of the counterclaim from the record on appeal. Practitioners should, however, be forewarned that such an omission may well jeopardize a Rule 308 application and that including a copy of a document in an appendix to a brief is generally not considered an adequate substitute for the filing of a complete record. "The record of proceedings in the trial court properly authenticated imports verity and is the sole conclusive and unimpeachable evidence of proceedings in the lower court." (*Kazubowski v. Kazubowski* (1970), 45 Ill. 2d 405, 416, 259 N.E.2d 282, 290.) It was the contemplation of the rules committee in redrafting Illinois Supreme Court Rule 342 in 1979 that most appeals would be heard on the original papers. 134 Ill. 2d R. 342, Committee Comments, at 304.

In addition, several motions have been taken with the case. Plaintiff moves to amend the record on appeal by adding (1) certified copies of additional relevant pleadings which it attached to its answer in opposition to the application for leave to appeal; and (2) a complete transcript of a deposition which it admits was not in the trial court record, but which was quoted in the answer in opposition to the application for leave to appeal. Defendant objects to the inclusion of the deposition in the record. The motion is allowed as to the additional pleadings. The motion is denied as to the deposition. (*James v. Yasunaga* (1987), 157 Ill. App. 3d 450, 451-52, 510 N.E.2d 531, 533.) Plaintiff also filed a motion to strike the statement of facts in defendant's appellant's brief. Plaintiff argues the statement of facts is not accurate, fair, or supported by citations to the record in violation of Illinois Supreme Court Rule 341(e)(6). (134 Ill. 2d R. 341(e)(6).) With the exception of the defendant's counterclaim for damages, to which plaintiff has made no specific objection, the motion to strike the statement of facts is denied as moot. *Thacker v. U N R Industries, Inc.* (1992), 151 Ill. 2d 343, 353, 603 N.E.2d 449, 454.

■ On the merits, the question of law certified by the trial court was:

"When an Eminent Domain proceeding brought by the State of Illinois involves the taking of a temporary easement, may the Defendant seek recovery by counterclaim for damages to the remainder interest based upon changes in access to the property, in a forum other than the Illinois Court of Claims?"

The direct answer to the question is "No!" The motion to dismiss the counterclaim was a combined motion pursuant to sections 2—615(a) and 2—619(a)(9) of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1991, ch. 110, pars. 2—615(a), 2—619(a)(9).) Defendant's counterclaim did not seek damages to the remainder resulting from the taking of the easement. As the bill of particulars filed by defendant indicated, the damages complained of were that "[t]he remainder after the taking was permanently damaged by the loss of use of all on-site parking spaces on the west side of the property." As defendant explained in the motion to reconsider the dismissal of the counterclaim, the damages resulted from the loss of parking spaces necessitated by the need for additional maneuvering room for semitrucks delivering bakery products on defendant's property as a result IDOT's relocation of the access driveway onto defendant's property. It is nowhere alleged that the property subject to the temporary construction easement is the same property on which the new access driveway was built. Therefore, the damages which defendant sought to recover in the counterclaim were not damages resulting from the temporary easement, but damages resulting from the relocation of the driveway.

In *Patzner v. Baise* (1990), 133 Ill. 2d 540, 547-48, 552 N.E.2d 714, 717-18, the Illinois Supreme Court stated that an action to recover from the State damages to property caused by the modification of a nearby road must be brought in the Court of Claims when the damages do not arise from the taking of the property. Defendant argues that in *Patzner*, there was no taking at all and in this case there is a temporary easement. However, the damages defendant seeks here do not arise as a direct consequence of the temporary easement, but from the relocation of the access driveway. The temporary construction easement expires by its own terms of three years or upon completion of construction. The relocation of the access driveway is not in any way related to the temporary construction easement. Any damages alleged to have been sustained by defendant in the counterclaim do not concern the temporary easement. We also do not find *Patzner* distinguishable because the plain-

tiff in that case filed a *mandamus* action to require the State to institute eminent domain proceedings, whereas in this case, the State had already initiated an eminent domain proceeding for the easement and defendant tried to "tag on" an action for damages which would otherwise have had to have been brought in the Court of Claims.

Article I, section 15, of the Illinois Constitution of 1970 provides: "Private property shall not be taken or damaged for public use without just compensation as provided by law. Such compensation shall be determined by a jury as provided by law." (Ill. Const. 1970, art. I, §15.) The legislature has provided for the availability of jury trials in the circuit courts of this State to ascertain the just compensation when private property is taken or damaged for public use. (Ill. Rev. Stat. 1991, ch. 110, pars. 7—101, 7—102.) However, the legislature has also provided that all claims against the State founded in any laws of this State or sounding in tort are to be brought in the Court of Claims. (Ill. Rev. Stat. 1991, ch. 37, pars. 439.8(a),(d).) Although defendant complains that a jury trial is not available in the Court of Claims, as the supreme court noted in *Patzner*, that is a matter for the legislature. (*Patzner*, 133 Ill. 2d at 548, 552 N.E.2d at 718.) If the access to an abutting street is taken or materially impaired, the loss does not involve the actual physical invasion of the property and is compensable in a common law action for damages rather than in an eminent domain proceeding (*Granite City Moose Lodge No. 272 v. Kramer* (1983), 96 Ill. 2d 265, 271, 449 N.E.2d 852, 855) because impairment of access is a " 'damaging' " which does not involve a " 'taking.' " (*Patzner*, 133 Ill. 2d at 547, 552 N.E.2d at 717, quoting *Granite City*, 96 Ill. 2d at 271, 449 N.E.2d at 855.) Such an action against the State must be prosecuted in the Court of Claims.

Defendant also alludes to the possible implication of the fifth amendment of the United States Constitution in this issue. (U.S. Const., amend. V.) However, merely referring to the constitution does not raise the statement to the level of a constitutional argument. (*Loitz v. Remington Arms Co.* (1988), 177 Ill. App. 3d 1034, 1059, 532 N.E.2d 1091, 1106, *aff'd in part, rev'd in part on other grounds* (1990), 138 Ill. 2d 404, 563 N.E.2d 397.) Since defendant has not made a cogent argument based on the fifth amendment to the United States Constitution, this court will not discuss it.

In this case, defendant is entitled to litigate the question of compensable damages caused by the taking of the easement but defendant is not entitled to litigate the question of whether it is en-

titled to compensable damages caused by the relocation of the access to the property.

Affirmed and cause remanded to circuit court of Sangamon County.

Affirmed and remanded.

KNECHT and LUND, JJ., concur.