**The Department of Public Works and Buildings, State of Illinois, etc., Petitioner-Appellee, v. Frederick Forbeck, Jr., et al., Defendants-Appellants.**

Gen. No. 68–69.

Third District.

December 22, 1969.

Rehearing denied January 19, 1970.

McNeilly & Olivero, of Peru, for appellants.

William J. Scott, Attorney General of State of Illinois, of Chicago (Bruno P. Bernabei, Special Assistant Attorney General, of Spring Valley, and Donald Martin, Special Assistant Attorney General, of Princeton, of counsel), for appellee.

ALLOY, J.

This is an appeal from a judgment of the Circuit Court of Bureau County awarding defendant Frederick Forbeck, Jr., $35,500. The record discloses that the Department of Public Works and Buildings filed a petition in eminent domain as against a portion of the land of Frederick Forbeck, Jr. on July 20, 1967. The Department sought acquisition of 40.81 acres for Interstate Route 180 and an easement over 3.21 acres for three years. Appellant was the owner of 549 acres as a unit in the area. The entire tract is on the west bank of the Illinois River. The record shows that appellant had a cornfield on a portion of the 40.81 acres taken and 13 acres out of a total of 21 acres in the cornfield were taken. The taking left about 12 to 13 acres south of the road, with the balance of the acreage located north of the road. The land was primarily used for duck hunting and timber sales and only 22 acres were used for crop land.

At the trial of the cause, two appraisers appeared for the Department of Public Works and two for the appellant, Frederick Forbeck, Jr., Francis Gutschenritter, a professional real estate appraiser who testified for the department, placed the value at $10,200 for the 40.81 acres and 3.21 acres taken and he further testified that there were no damages to the remainder. Truman Esmond, also a licensed real estate broker, who testified for the department, placed the valuation at $12,700 of the 40.81 acres, $482 to the 3.21 acres and fixed damages to the remainder not taken at $5,425, making a total of $18,607. Both appraisers testified that the best use

of the land was for agricultural and recreational purposes. On behalf of appellant, Watson Lawton, an appraiser and farm manager, testified that he thought the best use of the land was for commercial and recreational purposes and set the value of the land taken at $31,910 and $242,985 as damages to the remainder for a total of $274,895. Ben Kaszynski also testified for appellant that the best use of the land was commercial and industrial and he valued the land taken at $61,200 with $265,980 in damages to the remaining land, making a total of $327,180. As indicated, following the trial the jury returned a verdict of $35,500 for property taken and awarded no damages for the remainder of property not taken.

The trial court entered judgment on the verdict in the sum of $35,500. In the judgment order entered on February 23, 1968, the trial court recited the verdict of the jury and found that the petitioner had deposited with the clerk the sum of $23,258.75 of which $18,607 was paid over to the owner pursuant to statute, leaving a deposit with the clerk of $4,651.75. The court further found that such sum of $4,651.75, together with the further sum of $12,241.25, with interest on the sum of $12,241.25 to be computed at 6% per annum from the date of possession by petitioner to date of payment of said $12,241.25 "all in full and final satisfaction of the judgment entered herein," be paid to defendant.

A motion for new trial was filed thereafter which was denied by the trial court. Notice of appeal was filed from the order of the trial court denying the post-trial motion and requesting that the cause be remanded for new trial, on April 25, 1968. Thereafter, on July 5, 1968, a certificate of compliance with the judgment was filed by the Department of Public Works and Buildings reciting that the court on February 23, 1968, entered the judgment order referred to and stating that the petition-

233

er pursuant to and in compliance with the order did pay the amount of the judgment together with interest as provided by statute. Defendant accepted the award and now still attempts to appeal from the trial judge's denial of the post-trial motion. Following the filing of such appeal in this Court, the plaintiff Department of Public Works and Buildings filed a motion to dismiss the appeal. This Court had originally entered an order granting such motion but vacated such order for the purpose of reconsideration of the motion to dismiss the appeal. The question basically before this Court is whether the motion to dismiss the appeal should be allowed by reason of the fact that defendant-appellant accepted the amount of the award in satisfaction of the judgment.

In the recent case of County of Cook v. Malysa, 39 Ill2d 376, 235 NE2d 598, the facts were somewhat different from the case before us in that in the Malysa case, the County of Cook attempted to appeal after voluntarily paying the amount of the award and accepting title to the property. The Supreme Court of this State stated in such case, at page 379:

> "Rather we would adhere to the general rule in civil cases that when a judgment has been voluntarily paid or its benefits accepted the question becomes moot. (Massell v. Daley, 404 Ill 479; 2 ILP, Appeal and Error, p 176.)"

The court further stated, at page 380:

> "While such result is not spelled out in the Illinois statute, we think that it must follow. While the precise question presented here was not involved, we read the prior decisions of Illinois courts to indicate that a property owner may not accept the fruits of an award and later appeal from the judgment setting such award. Moll v. Sanitary District of Chica-

go, 228 Ill 633; Union Mutual Life Ins. Co. v. Slee, 123 Ill 57; Kile v. Town of Yellowhead, 80 Ill 208.

"We believe that it is a salutary rule that a party who either voluntarily satisfies a judgment under no legal compulsion or voluntarily accepts the fruits thereof has waived any error in the proceedings."

The principles announced in the Malysa case are applicable in the instant case. We do not believe there is any basis for permitting a party to an adjudication to avail himself of those parts of the judgment which he deems to be beneficial to him and afterwards seek to reverse those parts which he feels are unfavorable to him.

Accordingly, we believe that the motion to dismiss the appeal was well taken and that the appeal in this cause should be dismissed pursuant to such motion. The appeal in this cause is, therefore, dismissed.

Appeal dismissed.

STOUDER, P. J. and TRAPP, J., concur.