ROBERT A. KNOTT, Plaintiff-Appellee, v. THE ILLINOIS RACING BOARD *et al.,* Defendants-Appellants.

Fifth District No. 5—89—0358

Opinion filed May 10, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Daniel N. Malato, Assistant Attorney General, of Chicago, of counsel), for appellants.

K. Douglas Hamman, of Frierdich, Lopinot & Morris, of Columbia, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Plaintiff, Robert Knott, was a licensed horse trainer who raced horses in the Chicago area. On May 15, 1987, the Steward's Office at Maywood Park in Cook County issued a "Stewards Ruling" suspending Knott for one year after one of his horses which had just won a

race tested positive for drugs. Knott appealed to the Illinois Racing Board (Board), but before a hearing could be held, filed a complaint in the circuit court of St. Clair County seeking a temporary restraining order and preliminary injunction barring the suspension until the Board made its ruling. The complaint alleged that if the suspension were not restrained, Knott would suffer irreparable harm in the form of lost income and future business. On May 19, 1987, the court denied defendant's motion to transfer venue to Cook County and granted the temporary restraining order. Knott subsequently amended his complaint, adding an allegation that his prehearing suspension was unconstitutional because the horse was in a "security barn" several hours before the race and he had no control over it at that time. A hearing was held on May 30, 1987, after which the court granted a preliminary injunction effective until the Board issued a ruling, finding that Knott would suffer irreparable harm if the injunction was not granted. The Board appeals both the May 17, 1987, and May 30, 1987, orders.

On appeal, the Board argues that venue was not proper in St. Clair County and that the trial court erred in denying its motion to transfer venue to Cook County.

 █ We first address the question of venue. Venue is proper in the county of residence of any defendant or in the county in which the transaction or any part thereof occurred. (Ill. Rev. Stat. 1987, ch. 110, par. 2—101.) While the venue statute does not specifically provide for the determination of the county of residence for a State agency, section 2—103 of the Code of Civil Procedure provides that the county of residence for any public, municipal, governmental, or quasi-municipal corporation is the county where its "principal office" is located. (Ill. Rev. Stat. 1987, ch. 110, par. 2—103.) This section has been used to determine the county of residence of the Department of Transportation (*Lake Ka-Ho, Inc. v. Kramer* (1985), 131 Ill. App. 3d 782, 475 N.E.2d 1379), and we believe the present case is analogous. The Illinois Racing Board's principal and only office, the steward's office that issued the ruling, and Maywood Park are all located in Cook County. Further, all parts of the "transaction" in question, the race, the drug testing, and the issuance of the steward's ruling all occurred in Cook County. We conclude that venue is clearly appropriate in Cook County and not in St. Clair County.

██ We also find that the trial court erred in granting both the temporary restraining order and the preliminary injunction. Generally, administrative remedies must be exhausted before judicial relief can be sought except where: (1) a statute or ordinance is attacked as un-

constitutional on its face; (2) multiple remedies exist before the agency and at least one has been exhausted; (3) irreparable harm will result from further pursuit of administrative remedies; or (4) it would be patently useless to seek relief before the administrative agency. *Graham v. Illinois Racing Board* (1979), 76 Ill. 2d 566, 394 N.E.2d 1148.

■■■ The determination of whether injunctive relief should issue, however, should be made only after the Board has held a hearing and has failed to render a decision within a reasonable period of time. (*Morgan v. Illinois Racing Board* (1987), 155 Ill. App. 3d 611, 508 N.E.2d 762.) In *Morgan*, the plaintiff was a horse trainer who was suspended for racing a horse following illegal and unreported cryosurgery. Morgan sought a temporary restraining order and preliminary injunction enjoining his suspension pending administrative review of the suspension by the Board. The court held that the Illinois Horse Racing Act of 1975 (Ill. Rev. Stat. 1987, ch. 8, par. 37—1 *et seq.*) adequately protected plaintiff's due process interests, *i.e.*, his property interest in his occupation license, and that the summary suspension would violate Morgan's due process rights only if the Board delayed rendering a decision for an unreasonable period of time. As the Board has not yet held a hearing in the present case, issuance of injunctive relief was not appropriate.

Knott cites *Kurtzworth v. Illinois Racing Board* (1981), 92 Ill. App. 3d 564, 415 N.E.2d 1290, for the proposition that the trial court properly enjoined his summary suspension. In *Kurtzworth*, this court held that the general rule requiring exhaustion of administrative remedies was not applicable because no attack was being made against any order of the Board and that both the Board and the plaintiff were free to pursue the administrative remedies, and because the preliminary injunction served only to arrest the summary suspension pending the conclusion of the administrative process. (*Kurtzworth*, 92 Ill. App. 3d at 573, 415 N.E.2d at 1298.) The court also held that there were circumstances where a court exercising its traditional and inherent chancery powers could intervene in the administrative process by issuing an injunction in order to maintain the status quo pending the completion of the administrative hearing process and the issuance of a decision by the agency. The court referred to the availability of adequate alternative relief, the necessity to prevent irreparable injury, and the deprivation of some constitutional right without due process. (*Kurtzworth*, 92 Ill. App. 3d at 585, 425 N.E.2d at 1205.) The court went on to uphold the injunction without a discussion of how these factors supported the injunctions.

We believe the rule announced in *Morgan*, that injunctive relief should only issue when the Board has unreasonably delayed in rendering its decision, adequately addresses the factors set forth by the *Kurtzworth* court. The Illinois Horse Racing Act of 1975 (Ill. Rev. Stat. 1987, ch. 8, par. 37—1 *et seq.*) provides that once an occupational licensee has been suspended, he may request a hearing within five days and that the Board shall hold the hearing within seven days. Only where the Board delays making a decision for an unreasonable period of time is the licensee left without an adequate remedy, possibly subject to irreparable injury in the form of lost income, or deprived of his property without due process.

In any event, we are not persuaded by Knott's arguments in support of the injunction. Of the four exceptions to the general rule discussed above, only one and three arguably apply here. Knott argues that his suspension was unconstitutional because his horse was in a "security barn" where he did not have sole control over it. This argument is not of constitutional dimension. Prehearing suspensions in and of themselves are not violative of due process (*Barry v. Barchi* (1979), 443 U.S. 55, 61 L. Ed. 2d 365, 99 S. Ct. 2642), and the State's interest in preserving the integrity of the sport of horse racing and protecting the public from harm authorizes such suspensions. (*Phillips v. Graham* (1981), 86 Ill. 2d 274, 427 N.E.2d 550; *Morgan*, 155 Ill. App. 3d at 612, 508 N.E.2d at 763.) Furthermore, the trial court did not rule on Knott's purported constitutional argument, finding it to be premature. Knott fails to satisfy the first exception to the general rule. We are also unpersuaded by Knott's argument that he will suffer irreparable harm in the form of lost income and future business as a result of the suspension. Loss of income for a brief period pending administrative proceedings does not constitute irreparable harm (*Graham*, 76 Ill. 2d at 576, 394 N.E.2d at 1152) and provides no basis for injunctive relief unless the Board unreasonably delays rendering its decision. *Morgan*, 155 Ill. App. 3d at 616, 508 N.E.2d at 765.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is reversed.

Reversed.

CHAPMAN and HOWERTON, JJ., concur.