RAYMOND E. LYNCH, Plaintiff-Appellee, v. ILLINOIS STATE TOLL HIGHWAY AUTHORITY, Defendant-Appellant (C R S Services, Inc., *et al.*, Defendants).

First District (2nd Division)   No. 1—92—1557

Opinion filed August 24, 1993.

Barry M. Lewis & Associates, of Chicago (Kurt E. Olsen, of counsel), for appellant.

Anesi, Ozmon & Rodin, Ltd., of Chicago (Richard L. Rumsey, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff, Raymond Lynch, sued defendant, Illinois State Toll Highway Authority (Authority), for personal injury damages. The Authority moved to transfer this matter to Du Page County pursuant to sections 2—103, 2—104, 2—106 and 2—107 of the Civil Practice Law (Ill. Rev. Stat. 1991, ch. 110, pars. 2—103, 2—104, 2—106, 2—107 (now 735 ILCS 5/2—103, 2—104, 2—106, 2—107 (West 1992)) (sections 2—103, 2—104, 2—106, 2—107)), which plaintiff resisted. After a hearing, the circuit court found that the Authority is an administrative agency and not a governmental corporation for the purpose of venue. The motion to transfer was denied. We granted the Authority's petition for leave to appeal (134 Ill. 2d R. 306(a)(1)(iv)), and we reverse and remand.

Plaintiff filed a four-count complaint to recover for injuries he allegedly suffered in a February 22, 1989, accident at I-88 and Finley

Road, in the Village of Downers Grove, County of Du Page, Illinois. The Authority was named in counts I and II. Count I alleges a violation of the Structural Work Act (Ill. Rev. Stat. 1991, ch. 48, par. 59.90 *et seq.* (now 740 ILCS 150/0.01 *et seq.* (West 1992))). Count II is based on negligence.

The Authority's principal office is located at 2001 West 22nd Street, Oak Brook, Du Page County. The Authority moved to transfer venue to Du Page County pursuant to sections 2—103, 2—104, 2—106 and 2—107. The motion to transfer was supported by the affidavit of Katherine L. Nee, special assistant Attorney General assigned to act as assistant corporate counsel for defendant. A copy of an order from a previous proceeding, involving the same issue and the Authority, was submitted to the circuit court. In that proceeding, before a different judge, the circuit court found that defendant was a public or governmental corporation under section 2—103 and transferred the case to the circuit court of Du Page County.

The issue was raised again by plaintiff, which is the present case. The circuit court found that the Authority was an administrative agency, not a governmental body, and held that section 2—103 did not apply, denying the motion to transfer. The circuit court largely relied on section 1 of the Toll Highway Act (Ill. Rev. Stat. 1991, ch. 121, par. 100—1 (now 605 ILCS 10/1 (West 1992))(section 1)), which states that the Authority was created as "an instrumentality and administrative agency of the State of Illinois."

The Authority maintains that the circuit court incorrectly determined it is only an administrative agency and not a governmental corporation for venue purposes and therefore wrongfully denied the motion to transfer. Plaintiff claims that because there is no charter or certificate of incorporation, defendant is not a corporation.

The statute establishing the Authority permits it to operate under its own bylaws; it is empowered to act by the provisions of the Toll Highway Act; it has its own corporate seal; it is authorized to employ and discharge employees without regard to any civil service or personnel law; it has the power and authority to enter into contracts in its own name; it is solely funded through revenue bonds and toll revenues; it does not receive tax revenues from the State; it operates to carry out the public and governmental function of building, operating and maintaining a system of toll highways; and it is organized to fulfil its duties and responsibilities. Ill. Rev. Stat. 1991, ch. 121, par. 100—1 *et seq.* (now 605 ILCS 10/1 (West 1992)).

Although the enacting statute refers to the Authority as "an instrumentality and administrative agency" of the State, this does not

require a finding that it is not also a governmental corporation for venue purposes as well. It is clear from the substantive statutory provisions referred to above that the Authority is statutorily organized and is empowered to act as a body corporate in order to fulfill its duties and responsibilities. The statutory appellation of "administrative agency" does not vitiate the patent legislative intent expressed by the substantive provisions of the statute. In this regard, the opinion of the supreme court in *Continental Illinois National Bank & Trust Co. v. Illinois State Toll Highway Comm'n* (1969), 42 Ill. 2d 385, 402, 251 N.E.2d 253, is instructive:

> "A construction should be adopted which it is reasonable to presume was contemplated by the legislature. (*Board of Education v. Brittin*, 11 Ill. 2d 411, 414.) '[W]hile courts are and should be cautious about adding words, as such, to a statute generally, they will not hesitate to read into the sense of some section or provision a qualifying or expanding expression plainly implied by the general context of the act, which has been palpably omitted and which is necessary to prevent the legislative purpose from failing in one of its material aspects.' (*People ex rel. Barrett v. Anderson*, 398 Ill. 480, 485; see also *Trustees of Schools v. Sons*, 27 Ill. 2d 63, 66.) Here, as we have stated, it is clear that the omission from section 17 discussed was through oversight by the legislature. In accord with the manifested and dominating expression of legislative intent, we conclude that any resolution authorizing the issuance of bonds under section 17 of the Authority Act 'shall be valid only upon approval by the Governor.' "

In a number of cases, including *Rosemont Building Supply, Inc. v. Illinois Highway Trust Authority* (1970), 45 Ill. 2d 243, 258 N.E.2d 569, *Continental Illinois National Bank & Trust Co. v. Illinois State Toll Highway Comm'n* (1969), 42 Ill. 2d 385, 251 N.E.2d 253, and *People v. Illinois State Toll Highway Comm'n* (1954), 3 Ill. 2d 218, 120 N.E.2d 35, the Illinois Supreme Court has treated the Authority and its predecessor as an independent legal entity, principally because the legislature has delegated to it such administrative and financial autonomy as has been detailed above. Typically, such autonomy is an indicium of a distinct and separate legal entity synonymous with the definition of corporate existence. (See *Main Bank v. Baker* (1981), 86 Ill. 2d 188, 427 N.E.2d 94.) Section 2—103 provides that any public, municipal, governmental, or quasi-municipal corporation may invoke section 2—103 to fix venue. The courts have construed this provision so as to include such State entities as the Illinois Racing Board (*Knott*

*v. Illinois Racing Board* (1990), 198 Ill. App. 3d 364, 555 N.E.2d 1052), although, unlike the Authority, the decisions of the Illinois Racing Board are made subject to review as an administrative agency (Ill. Rev. Stat. 1991, ch. 8, par. 37—46 (now 230 ILCS 5/46 (West 1992))), and the Illinois Department of Transportation (*Lake Ka-Ho, Inc. v. Kramer* (1985), 131 Ill. App. 3d 782, 475 N.E.2d 1379), which is an agency of the executive branch of government. (Ill. Rev. Stat. 1991, ch. 127, par. 49 *et seq.* (now 20 ILCS 2705/49 (West 1992)).) We hold that section 2—103 applies to the instant circumstances and the circuit court erred in denying the Authority's motion to transfer venue.

The cause is reversed and remanded for further proceedings in accordance with the foregoing conclusions.

Reversed and remanded.

SCARIANO and DiVITO, JJ., concur.