RONALD MARSH, Plaintiff-Appellee, v. ILLINOIS RACING BOARD *et al.*, Defendants-Appellants.

First District (1st Division) No. 1—95—4265

Opinion filed September 22, 1997.

James E. Ryan, Attorney General, of Chicago (Daniel N. Malato, Assistant Attorney General, of counsel), for appellants.

No brief filed for appellee.

JUSTICE O'BRIEN delivered the opinion of the court:
Defendants, who include the Illinois Racing Board (Board), its in-

dividual members and the two stewards at Maywood Park Racetrack, appeal from an order of the circuit court of Cook County granting an injunction in favor of plaintiff restraining defendants from enforcing the revocation of his license to own and drive Standardbred racehorses. Defendants contend that the trial court erred in granting the injunction before the Board held an administrative hearing and before plaintiff exhausted his administrative remedies.

The record establishes that plaintiff was licensed by the Board to own and drive Standardbred racehorses and had raced in over 22,500 races dating from 1973. On December 7, 1995, pursuant to the Illinois Horse Racing Act of 1975 (Act) (230 ILCS 5/16 (West 1994)), the stewards at Maywood Park issued a ruling excluding plaintiff from all racetracks and wagering locations pending investigation of two races, which had occurred on November 11 and December 5, 1995. On December 11, 1995, the stewards found that plaintiff had furthered an unlawful betting scheme by failing to give his best effort while driving in the two races. The stewards revoked his license and declared him ineligible for future licensing by the Board.

On December 15, 1995, plaintiff filed an emergency complaint for temporary and preliminary injunctions to restrain enforcement of the stewards' ruling pending the decision of the Board, asserting that (1) he would be unable to pursue his livelihood pending the administrative decision, (2) the revocation would cause irreparable damage to his ability to pursue his occupation, and (3) the revocation was in violation of his right to due process because section 9(e) of the Act (230 ILCS 5/9(e) (West 1994)) and rules 1318.50(a) and 1320.70 (11 Ill. Adm. Code §§ 1318.50(a), 1320.70 (1994)) are unconstitutionally vague. The complaint acknowledged that the Board's hearing was scheduled for December 20, 1995, but asserted that it was unlikely that the hearing would be completed that day and, because the next scheduled Board meeting was not until January 9, 1996, and it was not certain that the Board would actually rule on his case at that time, he would be unfairly deprived of his livelihood and property without due process. He also asserted that because the provisions of section 16(c) of the Racing Act (230 ILCS 5/16(c) (West 1994)) allow him to request a hearing *de novo* before the Board, in effect he must be presumed innocent until proven otherwise. Attached to his complaint were approximately 20 orders entered by other circuit court judges granting injunctions to other racehorse drivers in allegedly similar cases. On the same date that the complaint was filed, the circuit court held a hearing and granted the injunction, finding as follows:

"[T]he plaintiff will suffer immediate and irreparable injury for

the reason that he practices his occupation as a driver/owner of standardbred racehorses *** and this deprives him of his means of livelihood and has no adequate remedy at law."

The court also set a status date for December 22, 1995, two days after the scheduled administrative hearing. Defendants immediately filed their notice of interlocutory appeal.

Defendants contend that plaintiff was not entitled to injunctive relief prior to the Board's administrative hearing and that, even if he was eligible for injunctive relief, plaintiff failed to satisfy any of the exceptions to the exhaustion doctrine.

Although plaintiff has not filed a brief in this case, we elect to reach the merits of the appeal under the principles enunciated in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

■ It generally has been held that parties aggrieved by the actions of an administrative agency having exclusive jurisdiction over a matter may not seek review in the courts without first exhausting all of their administrative remedies. *People v. NL Industries*, 152 Ill. 2d 82, 95-96 (1992). Limited exceptions to the exhaustion doctrine have been recognized by courts where (1) an ordinance or statute is challenged as unconstitutional in its entirety, (2) multiple remedies exist before the same administrative agency and at least one has been exhausted, (3) irreparable harm will result from further pursuit of administrative remedies, or (4) it would be patently useless to seek relief before the administrative agency. *Knott v. Illinois Racing Board*, 198 Ill. App. 3d 364, 366-67 (1990). The determination of whether injunctive relief is appropriate should be made only where the Board has held a hearing but has failed to render a decision within a reasonable period of time thereby leaving the licensee without an adequate remedy. *Knott*, 198 Ill. App. 3d at 367-68. Generally, prehearing suspensions pending a prompt administrative hearing are not violative of due process. *Barry v. Barchi*, 443 U.S. 55, 64, 61 L. Ed. 2d 365, 375, 99 S. Ct. 2642, 2649 (1979).

■ In the case at bar, we find that plaintiff was barred from seeking injunctive relief from the circuit court because he did not exhaust any of his administrative remedies. Further, we are not persuaded by the arguments he makes in his complaint in support of the injunction. Of the four exceptions to the exhaustion doctrine listed above, only one and three arguably apply here. Plaintiff asserted that his ability to pursue his occupation would be irreparably harmed by the revocation because of the likelihood that a decision would not be made by the Board for several months. However, the third exception pertains to irreparable harm that may result from further pursuit of

administrative remedies and does not call for an injunction preempting any attempt at resolving the matter administratively. *Knott*, 198 Ill. App. 3d at 366-67. Further, the hearing was to be held only five days after plaintiff filed his complaint, and the loss of income and future business for a brief period pending administrative proceedings does not constitute irreparable harm. *Knott*, 198 Ill. App. 3d at 368. Accordingly, we find that plaintiff prematurely filed his complaint, and the trial court erred in granting the injunction.

Plaintiff also asserted without citing to any authority that one section of the Act and two of the Board's rules were unconstitutional. We find that plaintiff's arguments were legally insufficient to support his contention and therefore did not satisfy the first exception to the exhaustion doctrine. Further, we also note that the trial court did not rule on this issue when granting the injunction.

■ Finally, we know of no authority, nor did plaintiff provide any to the circuit court, to support his novel theory that his request for a *de novo* hearing before the Board automatically vacated the decision of the stewards so that "in the eyes of the law" he was "innocent of any wrongdoing." Accordingly, we find his assertion without merit.

For these reasons, we reverse the order of the circuit court of Cook County.

Reversed.

CAMPBELL, P.J., and BUCKLEY, J., concur.